# Powers-Buchanan Co. to use, Appellant, *v.* Powers.

*Corporations—Dividends—Division of profits—Affidavit of defense—Set-off.*

1. A division of profits of a corporation made by and between all of the stockholders, is proper where the company is solvent at the time, and the rights of creditors are not impaired.

2. In an action by a corporation against its former president to recover moneys alleged to have been withdrawn by him for his personal use, an affidavit of defense is sufficient which sets up a set-off in excess of the amount in suit, based on averments which, if found to be true, would show defendant was not liable in any way to plaintiff.

*Practice, C. P.—Affidavit of defense—Abandonment of portion of claim on appeal—No request in court below—Act of May 14, 1915, P. L. 483.*

3. Where plaintiff in the court below presses for a summary judgment for the entire claim for want of a sufficient affidavit of defense, and is refused, and, to sustain the appeal, abandons, in the appellate court a portion of the claim as to which the affidavit was admittedly good, the appellate court will not reverse the court below, and direct judgment for the balance of the claim in controversy, where no request was made for such judgment in the court below, under the Act of May 14, 1915, P. L. 483.

Argued January 19, 1921. Appeal, No. 233, Jan. T., 1921, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1919, No. 2584, discharging rule for judgment for want of sufficient affidavit of defense, in case of Powers-Buchanan Co. to use of Hood Tire Co., Inc., v.

F. Wade Powers. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover moneys alleged to have been improperly withdrawn from the funds of plaintiff by defendant for his personal use when he was president of plaintiff company.

Rule for judgment for want of sufficient affidavit of defense. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was above order, quoting record.

*Edward M. Biddle,* for appellant.—The sum of $2,-397.69 for which plaintiff asks that judgment be entered against defendant, who at the time was a stockholder and a director of plaintiff company and in its employ as president, represents moneys withdrawn by him from the funds of plaintiff company for his personal use.

The sum of $2,076.31 which is also included in the statement of claim, but for which plaintiff does not press for judgment in this appeal, represents moneys which plaintiff alleges were improperly withdrawn as a dividend by defendant from the funds of plaintiff company on July 31, 1918.

The application of payments was legal and proper: Wagner's App., 103 Pa. 185; McQuaide v. Stewart, 48 Pa. 198; Silver v. Tomach, 73 Pa. Superior Ct. 517; Law v. Waldron, 230 Pa. 458.

*W. Logan MacCoy,* of *MacCoy, Evans, Hutchinson & Lewis,* for appellee.—In absence of waiver by defendant, all acts by the Hood Tire Company were clearly illegal: Diller v. Brubaker, 52 Pa. 498; Rosenblatt v. Weinman, 230 Pa. 536; Simes v. Zane, 1 Phila. 501.

OPINION BY MR. JUSTICE KEPHART, February 14, 1921:

We might dismiss this appeal with the observation that, where plaintiff in the court below presses for a summary judgment for the entire claim for want of a sufficient affidavit, which is refused, and, to sustain the appeal to this court, abandons a portion of the claim as to which the affidavit was admittedly good, we will not reverse the court below and direct judgment for the balance of the claim in controversy where no request was made for such judgment; but as to both items the affidavit was sufficient. We held, in Fulton v. Bomberger, 262 Pa. 43, under the Act of May 14, 1915, P. L. 483, that the plaintiff might take a rule for judgment for want of a sufficient affidavit of defense to the whole or any part of the claim, and that the court did not commit error in entering judgment for a part of it; but no such request was made in the court below in the present case.

Plaintiff's claim consisted of two items: first, balance due on a drawing account; second, a dividend unlawfully taken by defendant. A rule was entered for judgment for the whole amount, and defense to the entire claim was specifically challenged for insufficiency, as appears in the motion for judgment. The affidavit was sufficient as to the second item, not only because of the nature of the resolution declaring the dividend but, as stated by appellant, it was a "de facto dividend...... and a division of profits of the corporation made by and between all of the stockholders," the company being solvent at the time, and the rights of creditors not impaired.

As to the balance due on the drawing account: The Powers Company was engaged in the business of selling automobile tires; its principal creditor was the Hood Tire Company, the use-plaintiff. The Powers Company, becoming heavily involved with the Hood Company, agreed to liquidate its indebtedness under agreement of July 1, 1919, wherein a demand promissory note, dated July 1, 1919, for $30,000, interest at nine per cent, was to be given the Hood Company, to be paid at the rate of

$1,000 a month, evidenced by bankable notes, and in default of payment in any one note all outstanding notes should become due and payable. As collateral security for the faithful execution of the promise, all the capital stock of the Powers Company was turned over to the Hood Company. Defendant as president and Charles Buchanan as secretary of the former company, agreed with that company to lend it the sum of $15,000 in installments of $100 per week, to aid in liquidating the $30,000 note but no claim was to be made by defendant or Buchanan against the Powers Company on account of this loan until the $30,000 note was paid to the Hood Company. The sum of $2,100 was thus loaned by defendant, and he now claims it as a set-off to his drawing account, averring that, by the misuse of the collateral by the Hood Company, the note has been or should be paid.

After receiving payment on three of the notes, the Hood Tire Company refused to accept a further payment of $1,000 on another note. It took possession of the books, papers and place of business of the Powers Company, transferred the stock held as collateral to its own name, giving, as a reason, default in payment of the balance of the $30,000 note. No effort was made to sell the collateral at public or private sale, and the new officers elected were controlled by the Hood Company. Defendant waived objection to these acts as long as it facilitated the use-plaintiff in realizing upon the collateral pledge for the payment of the $30,000 note, but charges that, through this wrongful conversion, the Hood Company took over the assets of the Powers Company, consisting of accounts receivable, stock and other articles specifically enumerated in plaintiff's statement, and, instead of applying them under the terms for which the collateral was held, applied them to the liquidation of the general debts of the company. Plaintiff avers that the transfer of these assets and accounts receivable was pursuant to resolutions of the Powers Company, wherein these assets were to be transferred for the liquidation of

the current accounts first and the notes afterwards, but, as pointed out in the affidavit, the action of the board of directors was premised on what defendant charges as an unlawful use of the collateral, first, in assuming control of the company, and, second, in not applying the assets in liquidation of the note for which it had been specifically pledged—that the rights and authority of the Hood people as stockholders and directors in the Powers Company rose no higher than that given by the agreement pledging the stock as collateral.

Additional claim is made that the value of the assets taken was largely in excess of the value stated by plaintiff, more than sufficient to pay the note, and for this reason he is entitled to apply the sum loaned on the $100-per-week basis as a set-off to the drawing account. More is averred, but we have stated sufficient to make it clear the court did not err in refusing summary judgment. It does not do to say the stock of the Powers Company was of no value. It was of value for the purpose of securing control of that company.

We express no further opinion on the record as presented. Defendant should be given an opportunity to prove the facts suggested.

The appeal is dismissed with a procedendo.