NANCY B. McKENNEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 17, 1927. — March 23, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Release. Fraud. Evidence*, Presumptions and burden of proof.

If, at the trial of an action of tort for personal injuries, the defendant introduces in evidence a "release and settlement of" the claim described in the declaration, signed and sealed by the plaintiff, and bearing above the signature in the plaintiff's own handwriting the statement, "I read this release before signing," the validity of such release as a bar to the action is not affected by testimony of the plaintiff that when she signed and delivered it she took a certain sum of money from the defendant's agent; that he "took some money out of his pocket and said if I would take that, and that it would help me out so far as my medical treatment went — asked me if I would take it from the . . . [defendant] to help out in paying my expenses of my physician, my doctor, whoever I had . . . he produced one paper and asked me if I would sign it as a receipt for the money if I was going to take the money — would I sign that as a receipt for him."

TORT for personal injuries. Writ dated January 6, 1922.

In the Superior Court, the action was tried before *Donahue*, J. Material evidence is stated in the opinion. By order of the judge a verdict was entered for the defendant. The plaintiff alleged exceptions.

*J. T. Maguire, J. S. Richardson, & W. B. Grant,* for the plaintiff, submitted a brief.

*C. W. Mulcahy,* for the defendant.

BY THE COURT. This is an action of tort to recover damages for personal injuries. There was admitted in evidence a "release and settlement of claim," under seal, covering this

cause of action and signed by the plaintiff. Just above her signature there was written in the plaintiff's own handwriting, "I read this release before signing."

The plaintiff testified that her signature and this statement were written by her at the request of an agent of the defendant; that her sister signed as a witness to her signature at the same time; and that she then took a substantial sum of money from the agent of the defendant. She testified further that the agent "took some money out of his pocket and said if I would take that, and that it would help me out so far as my medical treatment went — asked me if I would take it from the Elevated to help out in paying my expenses of my physician, my doctor, whoever I had . . . he produced one paper and asked me if I would sign it as a receipt for the money if I was going to take the money — would I sign that as a receipt for him." Plainly under these circumstances the release was a bar. The evidence of the plaintiff was insufficient to avoid the release. *McNamara* v. *Boston Elevated Railway*, 197 Mass. 383, 387. *Gold* v. *Boston Elevated Railway*, 244 Mass. 144. *Costello* v. *Hayes*, 249 Mass. 349, 352. The case at bar is distinguishable from *Bliss* v. *New York Central & Hudson River Railroad*, 160 Mass. 447, *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, and similar cases.

*Exceptions overruled.*