## RADER v. LEHIGH VALLEY R. CO.

Circuit Court of Appeals, Third Circuit.
April 30, 1928.

No. 3757.

I. Release ⊜⇒58(6)—Where experienced locomotive engineer signed statement that he understood release for injuries, there was no question of fraud for jury.

One employed as locomotive engineer for 35 years, who was handed general release by railroad's claim agent and signed statement that he understood and had read release and signed voucher acknowledging receipt of money paid in settlement *held*, as matter of law, not entitled to recover for injuries from railroad, and refusal of court to submit case to jury on issue of fraud was proper.

2. Contracts ⊜⇒100—To overturn written instrument, evidence of fraud must be clear to go to jury.

Evidence of fraud must be clear, precise, and indubitable to permit submission of question of fraud to jury to overturn written instrument.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action by William S. Rader against the Lehigh Valley Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Sansone & Gelb, of New York City, and Samuel Schneider, of Union City, N. J. (Sol Gelb, of New York City, of counsel), for plaintiff in error.

Collins & Corbin, of Jersey City, N. J. (Edward A. Markley and Charles W. Broadhurst, both of Jersey City, N. J., of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. The proofs in this case show that William S. Rader, the plaintiff, had been employed as a freight locomotive engineer for 35 years. In a collision on March 22, 1926, he was burned

about the head, arms, legs, and body, and was taken to a hospital, where he remained in bed one day. He was discharged from the hospital on March 31st. Thereafter he visited it only to have his burns dressed. On May 8th he was discharged by the doctor and pronounced ready for work. On May 11th he went to the claim agent's office and there discussed with him the amount of wages he should receive for lost time over and above the benefits he had received from the relief fund, after which the claim agent instructed his assistant to make out a release and a check for $250. On the printed form in prominent type were the words "General Release" and the inclusive words "hereby release and forever discharge," and, in typewriting, a release from "any and all personal injuries sustained by me on or about the 22d day of March, 1926, at or near Easton, Pa., while in the employ of said company as locomotive engineer."

[1, 2] When this was brought back, it was handed to Rader to read, and, at the request of the claim agent, Rader wrote at the foot of the paper "I understand and have read this release." He then signed the paper and also a voucher acknowledging receipt of the $250, and received a check which on its face stated it was "in full settlement of all claims and demands on account of personal injuries received March 22, 1926, at Easton, Pa.," and which he subsequently indorsed and collected. Thereafter he brought suit against the railroad. Rader having been confronted by this paper and admitting he signed it, the court gave binding instructions for the defendant, saying:

"This plaintiff could read and write. He had been a locomotive engineer and an employee of the Lehigh Valley Railroad Company for 46 years. On the release that he executed it bears at the top in large letters the words 'General Release.' He admits that he wrote in under the words 'General Release,' 'I understand and have read this release'; the word 'release' being in his own handwriting. Twice he signed it. He received a check, and he cashed the check. The only testimony upon which he can base any question for the jury is his bare testimony about it, that he took it to be a receipt and not a release, although he was writing at the time he received the money the word 'release' and not the word 'receipt.' Now to permit a case as clear as this to go to the jury on that issue would make it possible to nullify any deed that has ever been executed in any careful attorney's office. In other words, as the court has said: 'If a party who can read will not read a deed put before him for execution, or if, being unable to read, will not demand to have it read or explained to him, he is guilty of supine negligence, which I take it, is not the subject of protection, either in equity or at law."

In so doing there was no error. There were no elements of fraud, trickery, substitution of papers, misrepresentation of contents, infirmity, or haste. The plaintiff could read, occupied a position of responsibility, was given the opportunity both before he signed the release and before he later collected the check to know exactly what he was doing, and he evidenced what he did by writing on the paper, "I understand and have read this release." Under these facts the court would have erred had it submitted the case to the jury on the issue of fraud. Without citing cases to that effect, we limit ourselves to the wholesome language used in Railroad Co. v. Shay, 82 Pa. 198: "It has been more than once held that it is error to submit a question of fraud to the jury upon slight parol evidence to overturn a written instrument. The evidence of fraud must be clear, precise, and indubitable; otherwise it should be withdrawn from the jury."

The judgment below is affirmed.