## WESTERN & ATLANTIC RAILROAD *v.* HUGHES, ADMINISTRATRIX.

No. 234. Argued January 18, 1929.—Decided February 18, 1929.

Mr. *Fitzgerald Hall*, with whom *Messrs. Frank Slemons* and *Walton Whitwell* were on the brief, for petitioner.

Mr. *Reuben R. Arnold* for respondent.

Mr. JUSTICE BRANDEIS delivered the opinion of the Court.

Ira L. Hughes, a travelling fireman, was killed on the Western & Atlantic Railroad while engaged in the performance of his duties. His widow as administratrix brought this action under the Federal Employers' Liability Act in a state court of Georgia. She recovered a verdict of $17,500, which was set aside as excessive by the presiding judge. At the second trial before another judge and jury a verdict was rendered for $10,000. A motion for a new trial was overruled. Judgment was entered on this verdict; and it was affirmed by the intermediate appellate court. The Supreme Court of the State refused a certiorari. This Court granted the writ. 278 U. S. 588.

Hughes was killed while riding on a locomotive moving in interstate commerce. The plaintiff claimed that he was knocked from the running board and thrown against an upright on a bridge as the train entered it; that the accident resulted from an unusual rocking of the engine from side to side due to the defective condition of the track leading to the bridge; that the Railroad had been negligent in permitting the track to remain in bad condition; and that this negligence was the proximate cause of the injury. The Railroad claimed that the alleged cause of the accident was mere speculation. It denied that the track was in bad condition; denied that its condition had produced the alleged swaying of the locomotive; denied that it had been guilty of any negligence; insisted that the accident was the result of Hughes' gross negligence and his disobedience of the company's rules; claimed that he had assumed the risk; and requested a directed verdict. The request was denied.

The Railroad asserts that the scintilla of evidence rule prevails in Georgia; and argues that the lower courts erred by applying the local rule in this case. It is true

498

that submission to the jury of contested issues of fact is not required in the federal courts, if there is only a scintilla of evidence, *Baltimore & Ohio R. R. Co.* v. *Groeger,* 266 U. S. 521, 524; that it is the duty of the judge to direct the verdict, when the testimony and all inferences which the jury could justifiably draw therefrom would be insufficient to support a verdict for the other party, *Elliott* v. *Chicago, Milwaukee & St. Paul Ry.,* 150 U. S. 245; *Small Co.* v. *Lamborn & Co.,* 267 U. S. 248, 254; and that this federal rule must be applied by state courts in cases arising under the Federal Employers' Liability Act, *Chicago, Milwaukee & St. Paul Ry.* v. *Coogan,* 271 U. S. 472, 474; *Gulf, Mobile & Northern R. R.* v. *Wells,* 275 U. S. 455, 457; *Toledo, St. Louis & Western R. R.* v. *Allen,* 276 U. S. 165, 168. We need not consider whether the rule prevailing in Georgia differs substantially from the federal rule.[1] For even under the federal rule it was proper to submit the case to the jury. The evidence introduced by the plaintiff was substantial; and was sufficient, if believed, to sustain a verdict in her favor. There was much conflict in the evidence. The first trial occupied five days. At the second trial thirty-three witnesses testified. Some of the testimony given by witnesses for the Railroad would, if believed, have entitled it to the verdict as a matter of law. Some of the testimony given by witnesses called by the plaintiff does not seem to us persuasive. But the credibility of the witnesses and the weight of the evidence were obviously matters for the jury. The defendant was not entitled to a directed verdict.

---

[1] Compare Georgia Code, §§ 5926, 6082, 6087, 6088; *Central of Georgia Ry.* v. *Harden,* 113 Ga. 453, 461; *Southern Ry. Co.* v. *Myers,* 108 Ga. 165; *Skinner* v. *Braswell,* 126 Ga. 761; *Burroughs* v. *Reed,* 150 Ga. 724, 726; *Georgia Ry. & Electric Co.* v. *Harris,* 1 Ga. App. 714, 716–717; *Carter* v. *Central of Georgia Ry. Co.,* 3 Ga. App. 222; *Smith* v. *Atlantic Coast Line R. R.,* 5 Ga. App. 219, 222; *Neill* v. *Hill,* 32 Ga. App. 381.

The Railroad contends also that there was error in assessing the damages. It argues that nominal damages only were recoverable since the plaintiff failed to introduce evidence either as to the proper method of computing the present value of the anticipated benefits or as to the rate of interest which should be applied in doing so. The evidence was ample. Among other things, there were mortality tables introduced by the plaintiff and annuity tables offered by the Railroad—tables in which values were computed at both the six per cent and the seven per cent rate. The Railroad argues also that the charge failed to make it clear to the jury that, in computing the damages recoverable for the deprivation of future benefits, adequate allowance must be made, according to circumstances, for the earning power of money; that the verdict should be for the present value of the anticipated benefits; and that the legal rate of interest is not necessarily the rate to be applied in making the computation. *Chesapeake & Ohio Ry.* v. *Kelly,* 241 U. S. 485, 491; *Gulf, Colorado & Santa Fe Ry.* v. *Moser,* 275 U. S. 133. There is no room for a contention that the charge failed to state correctly the applicable rule. If more detailed instruction was desired, it was incumbent upon the Railroad to make a request therefor. *Louisville & Nashville R. R.* v. *Holloway,* 246 U. S. 525. It did not do so.

*Affirmed.*