## OLIVER v. NORTHWESTERN MUT. LIFE INS. CO.
### No. 6493.

District Court, W. D. Pennsylvania.
July 8, 1932.

Kountz & Fry, of Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The Globe Furniture Company, a Pennsylvania corporation, was incorporated January 5, 1905. It engaged in the furniture business in Pittsburgh from the date of its incorporation until January 24, 1930, at which time it was declared to be insolvent and H. M. Oliver, plaintiff, was appointed receiver. The corporation was a family corporation with only three stockholders, viz.: David Rosenthal and his two sons, Benjamin Rosenthal and Jacob Rosenthal. David Rosenthal owned one-third of the stock of said company from the date of incorporation until his death November 5, 1929. No transfer of his stock has been made since then. Jacob Rosenthal owned one-third of the stock of said company from the date of incorporation until the date of his death February 27, 1929. No transfer thereof has been made since then. Benjamin Rosenthal owned one-third of the stock of said company at the date of incorporation and has continued to own the same up to and including the present time. David Rosenthal was president of the company. Jacob Rosenthal was secretary, and Benjamin Rosenthal was treasurer. Since the death of Jacob Rosenthal, Sidney Kaufmann, a son-in-law of David Rosenthal, has been secretary. At the time of incorporation it was agreed by the three stockholders that each one of them was to draw a small salary from the company for his services, and that in addition thereto the company would pay the gas and rent bills, and the premiums on the life insurance policies of each. This agreement was subsequently extended so as to cover life insurance on the life of Sidney Kaufmann, the son-in-law. This agreement was never abrogated. In pursu-

ance thereof the company paid the bills aforesaid from the date of incorporation until June 24, 1930.

In pursuance to the action aforesaid to pay life insurance premiums, the Globe Furniture Company paid defendant $29,628.24. These premium payments were made by check of the Globe Furniture Company, drawn by its treasurer. During the lifetime of David Rosenthal, he surrendered a policy and gave $6,000 received therefrom to the company. After his death $5,000 of the proceeds of another policy was turned over to the company. Benjamin Rosenthal borrowed money, using his insurance policies as collateral, and turned over the proceeds to the company.

The receiver brought this action to recover the premiums paid to the defendant by the Globe Furniture Company on life insurance policies held by the stockholders as aforesaid. At the conclusion of the evidence both sides presented a point in which each requested binding instructions in his or its favor. The court affirmed defendant's point for binding instructions, and the case is now before us on plaintiff's motion for a new trial.

■ Plaintiff contends that he is entitled to recover because the premiums were paid by checks of the Globe Furniture Company, drawn by its treasurer, for insurance premiums due on life insurance policies held by the stockholders of said company. Plaintiff relies on section 5 of the Pennsylvania Act of May 31, 1923, P. L. 468 (20 PS § 3371), which reads: "If, however, such instrument [meaning a check] is payable to a personal creditor of the fiduciary and delivered to the creditor in payment of, or as security for, a personal debt of the fiduciary to the actual knowledge of the creditor, or is drawn and delivered in any transaction known by the payee to be for the personal benefit of the fiduciary, the creditor or other payee is liable to the principal if the fiduciary in fact commits a breach of his obligation as fiduciary in drawing or delivering the instrument."

Plaintiff failed, however, to offer any evidence to establish that the treasurer of the Globe Furniture Company committed any breach of obligation in drawing and delivering the company's checks for payment of the insurance premiums aforesaid. On the other hand, the uncontradicted and unimpeached evidence is that said checks were all authorized by the unanimous consent of the stockholders.

■ Plaintiff also contended that he was entitled to recover because the company was insolvent when some of the premiums covered by his claim were paid. But here again the plaintiff's proof entirely failed. There was no evidence of insolvency at the time or times when the insurance premiums were paid. The burden of proving insolvency rested on the plaintiff. Sweet v. Lang (D. C.) 14 F.(2d) 758, 761. The burden of alleging and proving notice of insolvency to defendant, or that defendant had knowledge thereof, was upon the plaintiff. 26 R. C. L. 1296; Rife v. Geyer, 59 Pa. 393, 98 Am. Dec. 351.

■ A solvent corporation has the right to pay premiums on life insurance policies (which in this case were in the nature of dividends) with the consent of all the stockholders, providing that such payments do not render the corporation insolvent. Sweet v. Lang (C. C. A.) 14 F.(2d) 762, 766; Atherton v. Beaman (C. C. A.) 264 F. 878, 881; Mount Union Borough v. Kunz, 290 Pa. 356, 139 A. 118; Powers-Buchanan Co. v. Powers, 269 Pa. 388, 112 A. 541; Stony Brook Lumber Co. v. Blackman, 286 Pa. 305, 133 A. 556.

■ The premiums paid, or dividends declared, after the death of David Rosenthal were authorized prior to his death. No objection to such payments were made by any stockholder, although all must have had knowledge thereof and acquiesced therein. Hence their status is the same as the payments made before his death. This question was raised for the first time at the argument on the motion for a new trial. See Sweet v. Lang (C. C. A.) 14 F.(2d) 762, supra.

■ There was no question of fact to submit to the jury. The evidence offered was uncontradicted and unimpeached and was without any favorable inference for the plaintiff, hence it was the court's duty to direct a verdict in favor of the defendant. Western & Atlantic Railroad v. Hughes, 278 U. S. 496, 49 S. Ct. 231, 73 L. Ed. 473, Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720, and Herron v. Southern Pacific Company, 283 U. S. 91, 51 S. Ct. 383, 75 L. Ed. 857.

■ Where both sides request binding instructions without request for the submission of any disputed fact to the jury, the burden of determining the issues of fact and law rests upon the court. Beuttell v. Magone, 157 U. S. 154, 157, 158, 15 S. Ct. 566, 39 L. Ed. 654, Empire State Cattle Co. v. Atchison, Topeka & Santa Fe Ry. Co., 210 U. S. 1, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70, Sena v. American Turquoise Co., 220 U. S. 497, 501, 31 S. Ct. 488, 55 L. Ed. 559, and Williams v. Vreeland, 250 U. S. 295, 39 S. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038.

The defendant in this case insured the stockholders of the Globe Furniture Company over a long period of time; it has paid these stockholders large sums of money by reason thereof. The payments were made by the corporation's checks, delivery being made by the stockholders and employees of the corporation. The corporation had no notice of lack of authority on the part of the persons making payments, or that the corporation was insolvent, or that it was other than in a sound financial condition. The defendant gave full value for what it received. It would be inequitable now, after it has given the protection desired to these stockholders and incidentally to the corporation, to require defendant to return what it received for the protection thus afforded.

The motion for a new trial is refused.