## MERWIN v. NEW YORK, N. H. & H. R. CO.
### No. 107.

Circuit Court of Appeals, Second Circuit.
Jan. 16, 1933.

John M. Gibbons, of New York City (E. R. Brumley and E. J. Moore, both of New York City, of counsel), for appellant.

Thomas J. O'Neill, of New York City (Charles D. Lewis, of White Plains, N. Y., of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellee, a fireman employed by appellant, was injured while engaged in interstate commerce on May 30, 1929, at Woodrow, Conn., when his engine was derailed. On June 27, 1929, he signed a general release of all liability by reason thereof, and received $360 in cash. There was written thereon in appellee's handwriting: "I have read this release and fully understand it." This was pleaded as a defense in his action for personal injuries. A reply thereto was filed alleging that the release was executed through fraud and misrepresentation. The issue of the validity of the lease was separately tried, pursuant to an order entered on appellant's application and decided in favor of the appellee. Later the trial of the main action proceeded and resulted in a verdict for the appellee.

The release signed on the 27th of June, 1929, contained on the top thereof in large letters the word "RELEASE." The appellee could read and write. The release read: "Know All Men, That I, Fred S. Merwin, * * * in sole consideration of Three Hundred and Sixty and No/100 ($360.00), received to my full satisfaction, do hereby release and discharge the New York, New Haven & Hartford Railroad Company from all claims, demands, * * * which I may have against it on account of damages of whatsoever kind, nature or description now existing or which may arise from or out of the injuries received by me at or near Woodrow, Conn., on or about the 30th day of May, 1929."

The appellee did not seek to rescind the contract. He said it was obtained through misrepresentation and fraud; that he thought he was signing a receipt for his wages and the value of his watch which he lost at the time of the accident. He claimed that he did not read the release nor understand it.

Subsequent to signing this release, the appellee was obliged to go to hospitals in Pittsfield, Mass., and New Haven, Conn., for a period of a year and three months. The expenses were paid by the appellant. After

signing the release, the appellee received additional sums. On October 24, 1929, he received $100, and at that time he signed a receipt reading in part: "The money named in this receipt is given to me by said company without any consideration on my part and has nothing whatsoever to do with said release, [of June 27, 1929] which I understand is in full force and effect and that I have no claim against the Company on account of said accident since executing said release." On November 6, 1929, he received a further sum of $440, for which he gave a receipt reading: "On the 27th of June, 1929, I signed a general release on account of injuries sustained by me on May 30, 1929, the consideration for the release being $360.00, and I understood at the time I signed the release that it was releasing the New York, New Haven & Hartford Railroad Company from all claims on account of said accident. The money named in this receipt is given to me by said Company without any consideration on my part and has nothing whatsoever to do with said release, which I understand is in full force and effect and that I have had no claim against the Company on account of said accident since executing said release. I understand that this is the final payment to be made in this case."

On April 16, 1930, he received a payment of $221, giving a receipt therefor again acknowledging the effectiveness of the release and disclaiming any claim since the date of the release against the appellant. On June 7, 1930, he received a further sum of $200, and again stated that he understood the release was in full force and effect and that he had no claim against the company on account of the accident since executing the release. On July 9, 1930, he received a further sum of $125, giving a receipt therefor and in like terms acknowledging execution of the release and stating that he understood it to be in full force and effect and that "I have had no claim against the Company on account of said accident since executing said release." He also received a payment on September 22, of $150. The appellee sought to avoid the effect of these admissions in his subsequent statements by saying that he had not read them and therefore did not make the statements to which he subscribed his signature.

The appellee was a locomotive fireman, 39 years of age. He could read and write, and was in full possession of his faculties when he signed the release and subsequent receipts. He had gone to Boston, after receiving a letter inviting him there, and, in the conversation with the claim agent, he and the claim agent agreed that he averaged, while employed, about $60 a week. The first payment of $360 was given for an estimated period of lost wages and a watch valued at $60. He had sufficient intelligence to read understandingly this release, as well as the subsequent receipts. He accepted these various sums of money subsequent to the date of the release, and it is incredible that he signed each time without reading that on which he placed his signature. The evidence upon which the issue was submitted to the jury was the appellee's denial of knowledge of the contents of the papers he signed, contrary to what he stated in his own handwriting. His statement that he did not know the contents of the release, that it was not known to him to be a release because he had not read it, was insufficient to raise a jury question. It was a mere scintilla of evidence, and required the trial judge to direct a verdict. Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720; Western & Atlantic R. R. Co. v. Hughes, 278 U. S. 496, 49 S. Ct. 231, 73 L. Ed. 473; Rader v. Lehigh Valley R. R. Co., 26 F.(2d) 73 (C. C. A. 3); Whitney v. Johnson, 14 F.(2d) 24 (C. C. A. 9); McKenney v. Boston Elevated Ry. Co., 259 Mass. 28, 155 N. E. 788; Backhous v. Wagner, 234 N. Y. 429, 138 N. E. 82. Under the circumstances of this case, with so many subsequent affirmations of knowledge of the contents of the release signed June 27, 1929, to avoid the effect of this contractual obligation, the appellee should establish fraud or mistake by clear, unequivocal, and convincing evidence. Southern Development Co. v. Silva, 125 U. S. 247, 8 S. Ct. 881, 31 L. Ed. 678; Rader v. Lehigh Valley R. R. Co., 26 F.(2d) 73 (C. C. A. 3); Lion Oil Co. v. Albritton, 21 F.(2d) 280 (C. C. A. 8). Each of the subsequent receipts signed by the appellee in effect ratified the release he gave of his claims. United States v. Beebe, 180 U. S. 343, 354, 21 S. Ct. 371, 45 L. Ed. 563; Capital Traction Co. v. Sneed, 58 App. D. C. 141, 26 F.(2d) 296.

The release being a complete bar to appellee's recovery, a verdict should have been directed for the appellant.

Judgment reversed.