## JASPER COUNTY LUMBER CO. v. McNEILL.*

No. 7361.

Circuit Court of Appeals, Fifth Circuit.
March 12, 1935.

Y. D. Carroll, of Beaumont, Tex., for appellant.

M. G. Adams, of Beaumont, Tex., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

The plaintiff McNeill, having been injured in a collision between his automobile and a tramcar, sued to recover damages from the Jasper County Lumber Company, owner of the tramcar. The collision occurred at night at a point where a state highway and defendant's tram railroad intersect practically at right angles. As plaintiff was driving his automobile south on a straight stretch of the highway, a so-called dinkey train made up of two tramcars coupled together, with the one in front which was equipped with the motor of a Ford truck pulling the other, the two having a length over all of about 24 feet, arrived at the crossing immediately ahead of him, with the result that the automobile crashed into the rear tramcar. Plaintiff alleged in his petition that the collision was caused by negligence attributable to the defendant, in that the tramcar train as it approached the crossing was being run at excessive speed, without sufficient lights, and without giving any warning signal by horn, whistle, or other device. Besides the general issue, defendant pleaded that plaintiff was guilty of contributory negligence, in that he was driving his automobile at too high a rate of speed and failed to stop or slow down at the crossing, or to look and listen for an approaching train. The trial resulted in a verdict and judgment for the plaintiff. The defendant appeals and assigns as error the refusal of the trial court (1) to direct a verdict in its favor, and (2) to supplement the charges which were given to the jury with a definition of proximate cause.

It is undisputed that the tramcar train, which on this occasion was being used by defendant to transport its employees from their place of work, was not equipped with either horn or whistle, and gave no sound signal of any kind, and that it did not have a headlight burning. There was testimony for the defendant that the front tramcar was lighted up by a lantern and a flashlight, but that testimony was contradicted by the plaintiff and some of his witnesses. The speed of the train was not satisfactorily shown by plaintiff's evidence; it appears therefrom only that the train after coming down a hill and gathering momentum was on an upgrade and that those in charge of it did not intend to stop at the crossing. On the issue of contributory negligence, plaintiff admitted that he approached the crossing driving at the rate of 20 to 25 miles an hour, but he also testified that about 100 feet north of and before reaching it he slowed down to about 12 miles an hour, lowered the window on the right or west side of his car, looked and listened, but did not see or hear the train, and, not seeing any train light or hearing any warning signal, he again increased his speed, and had almost reached the railroad track when without warning the tramcars suddenly appeared out of the darkness from the west upon the highway immediately in front of his automobile, so near as to make it impossible for him to avoid the collision.

In submitting the case to the jury, the District Judge charged them that plaintiff could not recover unless they found that defendant was negligent as alleged, and that such negligence on its part was the sole cause of the collision; and he repeated several times that plaintiff could not recover, notwithstanding defendant's negligence, unless he himself was free from fault. Defendant did not except to any charge given on negligence or contributory negligence, but it did except because the court did not go further and give to the jury a definition of proximate cause.

It was not error to overrule defendant's motion for the peremptory instruction. That there was negligence for which the defendant was responsible was fairly inferable from the concession that an attempt was being made to run the tramcar train across the highway at night without giving a sound

signal of any kind and without having an adequate headlight on the improvised engine, and from plaintiff's evidence indicating that there was no lantern so placed as that its light could be seen from the highway. It certainly ought not to be held to be consistent with reasonable care to run unlighted tramcars at night without warning across a public highway. It was also a question for the jury whether the plaintiff was barred from recovery by any negligence of his own. If he took the precautions he says he did, it cannot be said as a matter of law that he was at all negligent. A prudent man situated as he was might reasonably have been led to believe that because of the absence of apparent danger he could safely drive over the railroad crossing.

The charge of the court was as favorable to the defendant as could be asked. The jury having been instructed by the court that the plaintiff could not recover unless he was free from fault, notwithstanding the defendant was negligent, and unless also defendant's negligence was the sole cause of the collision, there was no occasion to give an abstract definition of proximate cause. Such a definition would have been confusing rather than helpful to the jury, since this is not a case in which the distinction between a remote and an intervening efficient cause is material. Besides, a party who makes no objection to a charge as given except that it is incomplete is ordinarily in no position to assign error upon it. In fairness to the trial court, a request for a supplemental charge should be prepared and submitted in writing in advance of the court's charge to the jury, or at least in time for the judge to consider it and decide whether he will give it. The court should not arbitrarily refuse to give instructions at the conclusion of its charge which it was its plain duty in the interest of justice to give without being requested to do so; but ordinarily an oral request merely to charge generally upon some issue in the case or some question of law presents nothing to an appellate federal court for review. Holmgren v. United States, 217 U. S. 509, 524, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Western & Atlantic R. R. v. Hughes, 278 U. S. 496, 49 S. Ct. 231, 73 L. Ed. 473; Tennessee, etc., R. R. Co. v. Drake (C. C. A.) 276 F. 393; Indemnity Insurance Co. v. Moses (C. C. A.) 36 F.(2d) 219; Gilmore v. United States (C. C. A.) 39 F.(2d) 897.

The judgment is affirmed.