**KASTEN & CO., Inc. v. KRAMER BROS. FREIGHT LINES, Inc.**

**KRAMER BROS. FREIGHT LINES, Inc. et al. v. KASTEN & CO.**

Civ. Nos. 7374, 7445.

United States District Court
W. D. Pennsylvania.

Dec. 21, 1951.

No. 7374:

John A. Metz, Pittsburgh, Pa., for plaintiff.

Ernest C. Reif, Pittsburgh, Pa., for defendant.

No. 7445:

A. H. Rosenberg, Pittsburgh, Pa., for plaintiff.

Wm. J. Lancaster, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

These two cases were tried together and resulted in a verdict in favor of plaintiff Kasten and Company in the case of Kasten & Company v. Kramer Brothers Freight Lines at number 7374 and in a verdict in favor of defendant Kasten and Company in the case of Kramer Brothers Freight Lines and Charles H. Dunn v. Kasten and Company at number 7445. Both actions are now before us on the motions of Kramer Brothers Freight Lines, defendant in number 7374, to set aside the verdict or for a new trial, and also on the motion of Kramer Brothers Freight Lines and Charles H. Dunn, plaintiffs in number 7445, for a new trial.

The accident in these actions happened December 14, 1947, 1:30 A.M., at a point on the Pennsylvania Turnpike a few miles west of Bedford. Kasten and Company were the owners of a tractor and trailer going east on said Turnpike. Kramer Brothers Freight Lines were the owner and lessee of a tractor and trailer traveling in the same direction following the tractor and trailer of Kasten and Company.

The evidence shows that a deer had been on or about said highway at or near the place of the accident and that a Pontiac automobile had stopped on that account; that the Kasten and Company tractor and trailer slowed down on account of the Pontiac automobile being in the way, the Pontiac car being partly on the highway; that the tractor and trailer of Kramer Brothers following the tractor and trailer of Kasten and Company endeavored to pass the Kasten and Company tractor and trailer and in doing so ran into the Kasten and Company tractor and trailer, causing some damage. The action of Kasten and Company was based on the alleged negligence of the driver of Kramer Brothers' tractor and trailer in running into Kasten and Company's tractor and trailer.

There was evidence from which the jury could properly find that the driver of the Kasten and Company tractor and trailer was not negligent in the driving of said car at and prior to the time of the accident, so as to have been the proximate cause thereof. There was evidence from which the jury could properly find that the driver of Kramer Brothers' tractor and trailer was negligent in the speed that he was driving said tractor and trailer and otherwise, which negligence was the proximate cause of the accident.

I am of the opinion that the questions of negligence and contributory negligence were questions of fact under the evidence for the jury.

Kramer Brothers in its motion for a new trial set forth as a reason that the court erred with reference to plaintiff's damages for loss of use. There was no request in writing or otherwise for specific instructions relating to damages caused by loss of use. The attorney for Kramer Brothers simply stated, "I take exception to that part of the Charge relating to Kasten and Company dealing with loss of use." This was in response to the court's question to counsel which read: "Are there any further instructions desired?" The court in the part of its Charge which appears on page 193, stated items of damage which could be considered by the jury and among them was "de-

mand for the loss of use of this tractor and trailer for the time which they claim." I do not see any error in the instructions and I call attention to the case of Western & Atlantic R. R. v. Hughes, 278 U.S. 496, 49 S.Ct. 231, 232, 73 L.Ed. 473, wherein it states: "If more detailed instruction was desired, it was incumbent upon the Railroad to make a request therefor"; also, to the case of Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645, wherein the court said: "In fairness to the trial court and to the parties, objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error." See also Moreau v. Pennsylvania Railroad, 3rd Cir., 166 F.2d 543, and Rule 51 of Federal Rules of Civil Procedure, 28 U.S.C.

The motions of defendant in the action above to set aside the verdict or for a new trial should be refused. Also, the motion of plaintiffs, Kramer Brothers Freight Lines at number 7445 Civil Action, should be refused.