Argued February 25, decided March 24, 1908.

RICHARDSON *v.* GRIGGS.

[94 Pac. 561.]

CANCELLATION OF INSTRUMENTS—EVIDENCE.

In a suit brought to annul and set aside a deed, plaintiff has the burden of proof, and must establish the facts sufficient to justify a decree in his favor by clear and explicit evidence.

From Polk: WILLIAM GALLOWAY, Judge.

This is a suit commenced by Preston Richardson to cancel and annul a deed held by Annie S. Griggs to cer-

tain lots in Tharp's Addition to Independence, Oregon. From a decree in favor of plaintiff, defendant appeals.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. Carey F. Martin.*

No appearance for respondent.

Opinion by MR. COMMISSIONER KING.

This is an appeal from a decree annulling a deed held by Annie S. Griggs to lots 5, 6, 7 and 8, in block 17, in Tharp's Addition to Independence, Oregon, and declaring the title to be in plaintiff. The complaint in substance avers, that on February 5, 1905, plaintiff purchased the lots and caused a deed thereto to be executed to defendant in consideration of an agreement, orally made, to the effect that she would keep house for, remain with, and take care of plaintiff during the remainder of his natural life; that on or about December 7, 1905, defendant, without plaintiff's consent and against his protest, and in disregard of the terms of their agreement, left his home and refused to return, or in any manner to care or provide for him; that prior to the institution of this suit he demanded defendant to convey to him the property, which she refused to do; that plaintiff at all times performed his part of the alleged contract, which defendant has wholly failed to do, making it necessary for him to hire a housekeeper.

The answer admits this agreement, and, after denying the other statements, pleads as an affirmative defense, all of which is placed at issue by the reply, that defendant duly performed all of the conditions of the agreement entered into with plaintiff on her part, and properly kept house for and took care of plaintiff, until December 29, 1905, at which time a modification of the contract, constituting the consideration for the deed given her, was mutually entered into by them, whereby she should receive, in full compensation for her services to that

o

date, one half interest in the real property; and in order to carry into effect their intention in that respect it was amicably agreed that she should execute a deed in escrow, naming plaintiff as grantee therein, and place the same with B. Wilson, of Independence, to be held by him in escrow until such time as the land could be sold for $1,200, its agreed value, unless a less price should subsequently be agreed upon, and, when sold, the deed should be delivered by Wilson to plaintiff, who, at the same time should execute a good and sufficient deed to the purchaser; that the proceeds arising from such sale, less $200 to be used in canceling a mortgage on the property, were to be divided equally between them; that defendant has in all things fully complied with the terms and conditions of their agreement.

The cause was tried upon these issues. The testimony submitted by plaintiff, standing alone and unexplained, would tend to support his averments; but, when construed in connection with that adduced by defendant, it is not inconsistent with her contention. It is disclosed by the testimony on the part of the defense that in November, 1904, plaintiff and his wife, both aged and infirm, entered into an agreement with defendant, who was their niece, to the effect that she, during their lifetime, should remain with, keep house, and care for them, in consideration for which she was to be given their home property, which was soon afterwards sold, and with the funds received the realty here involved was purchased, which at plaintiff's request was deeded direct to defendant. About two months after the contract alluded to was made, Mrs. Richardson died, but defendant continued to reside at plaintiff's home, upon the property newly purchased, for about thirteen months, satisfactorily doing his housework, when her health became impaired and she desired to return to her home in California. This resulted in the new agreement between them, as substantially averred in the answer, in pur-

suance of which the deed was executed and delivered to the party agreed upon, and is held by him awaiting the sale. This testimony is sustained and supported by several witnesses, including the custodian of the deed, by whom it was prepared.

It is too well settled to admit of doubt that the moving party in a suit brought to annul or set aside a deed, or to compel a conveyance of realty, has the burden of proof, and must establish the facts sufficient to justify a decree in his favor by clear and explicit evidence, in respect to which plaintiff has failed.

It follows that the decree of the court below must be reversed, and one entered in favor of defendant, dismissing the complaint, with costs in both courts.

REVERSED.

