Argued at Pendléton November 3, reversed December 6, 1927.

# H. F. KELLEY v. C. W. JOSLIN AND J. Mc-ALLISTER.

### (261 Pac. 413.)

**Trial—In Action for Damages for Trespass, Instruction Stating, in Effect, That Plaintiff must Establish Case by "Clear" Preponderance of Evidence Held Erroneous (Or. L., § 868, Subd. 5).**

1. Under Section 868, subdivision 5, Or. L., providing that in civil cases finding shall be according to preponderance of evidence, instruction that plaintiff could recover on first cause of action for general damages for trespass, and upon second and third causes of action for special damages caused by fire, if evidence in case, under instructions, was sufficient to satisfy jury by "clear" preponderance thereof, *held* erroneous as tending to mislead jury.

**Trial—In Trespass Action, Instruction in Effect That Plaintiff must Satisfy Jury's Minds by Preponderance of Evidence in Order to Recover Held Unobjectionable (Or. L., § 868, Subd. 5).**

2. Under Section 868, subdivision 5, Or. L., providing that in civil cases, when evidence is contradictory, finding shall be according to preponderance of evidence, instruction in effect that before plaintiff could recover upon causes of action alleged he must satisfy jury's minds by preponderance of evidence *held* unobjectionable.

**Trial—Refusal of Instruction Covered in General Charge Held not Error.**

3. Refusing requested instruction, which was sufficiently covered in general charge, *held* not error.

**Trial—Instruction Requiring Court to Single Out Certain Items of Testimony and Give Them Undue Prominence Held Properly Refused.**

4. Instruction requiring court to single out certain items of testimony and give them undue prominence *held* properly refused, since it would tend to usurp province of jury.

---

Trial, 38 Cyc., p. 1677, n. 75, p. 1711, n. 19, p. 1752, n. 29, p. 1754, n. 51.

From Wallowa: J. W. KNOWLES, Judge.

---

3. See 14 R. C. L., Instructions, § 46.
4. See 14 R. C. L., Instructions, § 48.

In Banc.

This is an action for general and special damages resulting from a trespass alleged to have been committed by the defendants upon plaintiff's lands. The complaint sets forth three causes of action, the first alleging that the defendants are copartners, and further alleging plaintiff's ownership in fee of certain described lands used as a farm upon which there were certain described buildings used in connection therewith, and that on or about September 1, 1926, the defendants acting together and jointly by themselves, their agents, servants and employees, forcibly and wrongfully broke into and entered said lands and took possession thereof, and placed in the barn on said premises a number of horses and feed for same, and wrongfully continued to use and occupy said premises until and including the ninth day of September, 1926, and for which plaintiff claims $100 general damages.

The second cause of action, after alleging all the facts in the first cause of action, alleges that on the ninth day of September, 1926, the defendants, their agents, servants and employees, while trespassers on the said lands, started, or caused to be started, a fire which destroyed the barn and granary on the premises to plaintiff's special damages in the sum of $800.

For a third cause of action, it is alleged, after making the allegations of the first and second causes of action a part thereof, that plaintiff owned and had stored in and about the granary on said premises certain personal property consisting of seven sets of work harness, twenty-one horse collars and certain farming implements and tools of the value of $1,000,

which were also destroyed in the same fire and to plaintiff's damage in that sum.

The prayer of the complaint is for total damages in the sum of $1,900, with interest thereon at the rate of 6 per cent per annum from September 9, 1926, the date of the destruction of the property.

Defendants answered by a general denial of all the allegations of each cause of action, except as to the partnership of defendants, which is expressly admitted.

The cause was tried by the court and a jury, and a verdict rendered in favor of plaintiff in the sum of $33.75 general damages. The finding was for the defendants on both claims for special damages. The court gave judgment on the verdict in favor of plaintiff for $33.75, and against the plaintiff in favor of defendants for their costs and disbursements. From this judgment plaintiff appeals and assigns as error the giving of certain instructions by the court to the jury, the refusal of the court to give certain requested instructions, giving judgment in favor of defendants and against plaintiff for costs and disbursements, and the refusal of the court to give judgment in favor of plaintiff against defendants for costs and disbursements.          REVERSED.

For appellant there was a brief over the names of *Mr. D. W. Sheahan* and *Mr. Thomas M. Dill,* with an oral argument by *Mr. Sheahan.*

For respondent there was a brief over the names of *Mr. J. A. Burleigh* and *Mr. S. H. Burleigh,* with an oral argument by *Mr. J. A. Burleigh.*

McBRIDE, J.—The theory of appellant is, that the fire, which destroyed the property, resulted from

the acts of the defendants, or their servants and employees while trespassing upon plaintiff's property, that the cause of the fire was a matter that should have been left to the jury to be decided by them according to the preponderance of the evidence, and that the court committed error by qualifying the word "preponderance" by adding thereto expressions which appellant claims instructed the jury that more than a preponderance of the evidence was required to justify a verdict in favor of plaintiff for damages resulting from the fire.

The court, in instructing the jury, among other matters, gave the following instructions:

"8.

"I instruct you, gentlemen of the jury, that this is an action for general damages resulting from trespass and special damages resulting from a fire, and that before you can find the defendants liable for the special damages, even though you find they trespassed upon the property of the plaintiff, the plaintiff must prove to your satisfaction by a preponderance of the evidence, that the damage was caused by the defendants, for even though the defendants did trespass upon the property of the plaintiff, this does not make them liable for damages, which they did not cause, and unless the plaintiff has established to your satisfaction by a preponderance of the evidence that the special damages for which he seeks to recover were caused by the defendants, their agents, servants or employees, and no one else, your finding must be for the defendants upon the special damages.

"9.

"I instruct you, gentlemen of the jury, that plaintiff bases his right of recovery in this case upon three separate causes of action, as set up in his complaint herein; namely, for general damages for trespass, by reason of defendant's going upon plaintiff's enclosed lands without lawful authority; secondly, for special

damages by reason of defendants, while trespassing upon plaintiff's lands, starting, or causing to be started, a fire upon said premises, which destroyed certain buildings on plaintiff's premises; and, thirdly, by defendants, while trespassing upon plaintiff's lands starting or causing to be started said fire, which also destroyed certain personal property of plaintiff which was situated, at the time, upon plaintiff's said real property.

"I further instruct you that plaintiff may recover nominal damages upon the first cause of action for general damages for trespass, and not recover upon the second and third causes of action for the special damages alleged to be caused by the fire destroyed plaintiff's buildings and property; or the plaintiff may recover upon each and all of the three causes of action, if the evidence in this case, under the instruction which I give you, is sufficient to satisfy your minds by a clear preponderance thereof, that plaintiff should recover from defendants for the value of the property destroyed by fire.

"I further instruct you that before plaintiff can recover upon either the second or third causes of action, alleged in the complaint, the plaintiff must satisfy your minds by a preponderance of the evidence, that the defendants, and no one else, and no independent cause started or caused to be started the fire which destroyed said property, unless the preponderance of the evidence does so satisfy your minds, you cannot find for the plaintiff upon either the second or third causes of action, and you must find for defendants upon said causes of action, and this is true even though you find for plaintiff upon his first cause of action for trespass."

1. To the giving of the last two instructions, the plaintiff saved an exception.

The alleged vice in the instruction is, that the court used the expression that the evidence should be "suf-

123 Or.—17

ficient to satisfy your minds by a clear preponderance thereof": In point one of plaintiff's brief his whole contention on this subject is embraced in the following language:

"The trial court erred in giving special instructions numbered 8 and 9, whereby the jury were told in effect that the burden was upon plaintiff 'to establish to your satisfaction by a preponderance of the evidence,' 'sufficient to satisfy your mind by a clear preponderance thereof,' 'plaintiff must satisfy your minds by a preponderance of the evidence,' 'and unless the preponderance of the evidence does so satisfy your minds, you cannot find for the plaintiff upon either the second or third causes of action, and you must find for the defendants,' and similar expressions,—for the reason, that:—

"In this state in civil cases it is the duty of the court on all proper occasions to instruct the jury that when the evidence is contradictory, the findings shall be according to the preponderance of the evidence."

And, in plaintiff calling attention to subdivision 5, Section 868, Or. L.

The authorities on this subject seem to differ, some holding that the addition of the word "clear" or "fair" constitutes reversible error; others, holding the contrary doctrine. But in our judgment, subdivision 5, Section 868, Or. L., is conclusive on this subject, and any instruction which goes beyond this by the addition of such words as "clear" or "fair" has a tendency to mislead the jury, and is, therefore, erroneous.

2. The other language objected to, that the jury should be satisfied by the preponderance of the evidence, or that their minds should be satisfied, we think unobjectionable; but this is an exceedingly close case upon the testimony and we think that the

qualification made by the instruction may have had a tendency to mislead the jury as to the quality of preponderance required in order to justify them in finding a verdict for the plaintiff.

3, 4. As to the requested instructions, we think that the first requested instruction was not proper and was properly refused, and that the second requested instruction was sufficiently covered in the general charge, and that the other requested instruction required the court to single out certain items of testimony and give them undue prominence which would tend to usurp the province of the jury, and that they were properly refused.

We are of the opinion that plaintiff should have been entitled to costs in this case. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

BEAN, J., did not participate in this opinion.