Argued January 14; affirmed February 17, 1931

# HERMAN *v.* EAST SIDE LOGGING CO.

(295 P. 960)

*Wendell K. Phillips* and *Chester A. Sheppard,* both of Portland (Sheppard, Phillips & Ralston and R. B. Nason, all of Portland, on the brief) for appellant.

*Ira W. Carl,* of Portland, for respondent.

KELLY, J. This is an action at law based upon alleged negligence wherein the defendant prevailed in the lower court and an order of dismissal was entered, which, on motion, was set aside. From this order, setting aside the verdict of the jury vacating the judgment entered therein and granting a new trial, the defendant appeals.

One of the defenses is that plaintiff had entered into an accord and satisfaction evidenced by a writing

signed by plaintiff. Plaintiff alleges that the alleged accord and satisfaction and the execution of such writing were induced by fraud.

At defendant's instance, the court gave the following instruction:

"You are instructed that in Oregon the law in no case presumes fraud. The presumption is always in favor of innocence and not guilt. In no doubtful matter does the court lean to the conclusion of fraud. Fraud is not to be assumed on doubtful evidence. The facts constituting the fraud must be clearly and conclusively established. Circumstances of mere suspicion will not warrant the conclusion of fraud. The proof must be such as to create belief and not merely suspicion. If the case made out is consistent with fair dealing and honesty the charge of fraud fails."

██ The lower court concluded that error had been committed by giving the requested instruction above quoted. There are two lines of authorities, one of these gives such weight to the presumptions that all transactions have been fair and regular, and that all persons are innocent of crime or wrong as to uphold an instruction in cases wherein fraud is charged, which, in effect, imposes a greater burden upon the party holding the affirmative than by merely proving the truth of the charge by a preponderance of the evidence.

The contrary doctrine has been announced by this court. In *Carty v. McMenamin & Ward,* 108 Or. 489, 502 (216 P. 228), Mr. Justice BROWN, speaking for the court, says:

"Under our code, in a civil action fraud must be established by a preponderance of the evidence, such as is necessary in other civil cases. The rule set down by our Code of Civil Procedure, section 868, subdivision 5, provides, in effect, that a preponderance of

the evidence controls in a civil case. That rule applies in this case, which is a civil one, in which fraud is alleged.''

In *Miller et al. v. Greene et al.,* 27 Ariz. 140 (231 P. 100), the lower court instructed the jury as follows:

"Fraud is a question of fact under the code of Arizona, and proof necessary to establish the same must be clear and conclusive.''

Mr. Justice Ross, speaking for the supreme court of Arizona, says:

"The instruction as to the character of proof, to prove fraud when it is in issue, is clearly wrong. Because the presumption is indulged that people are honest and usually act fairly and honestly with their fellows, one charging fraudulent and dishonest conduct and representations is required by one line of cases, in order to succeed in his charge, to produce clear and convincing proof thereof: 27 C. J. 81, section 225 and note 55. Another line of cases refuses to approve an instruction so strong, holding it places too great a burden on the plaintiff: 27 C. J. 81, section 225, note 55. Nowhere has a court approved an instruction in the language of the one given in this case.''

*Castleman v. Stryker,* 107 Or. 48 (213 P. 436) cited by appellant, does not purport to decide how a jury should be instructed when an issue of alleged fraud is submitted for their decision. This is a case where the court directed a verdict because the evidence did not justify the submission of the question to the jury. Many times the rule there announced has been repeated in explanation of the action of courts in equity in disposing of the question of alleged fraud. The rule is that to establish fraud the proof must be "clear, satisfactory and convincing.'' It was not necessary to invoke that rule in the case just cited, because, in that case, there was absolutely no testimony tending to

support the alleged falsity of the representation alleged to have been the inducing cause of the allegedly fraudulently contract, nor was there any testimony tending to show that the defendant sustained any damage in the transaction.

It must be borne in mind that § 9-2001, Oregon Code 1930, § 868, Or. L., declares the rule governing instructions to juries; and this court is without authority to amend it.

The judgment and order of the circuit court, setting aside the verdict, vacating the judgment and granting a new trial, is affirmed.

BEAN, C. J., RAND and BROWN, JJ., concur.