Argued September 12; reargued December 13; affirmed
December 31, 1935

# METROPOLITAN CASUALTY INSURANCE CO.
# OF NEW YORK *v.* N. B. LESHER, INC., ET AL.

(52 P. (2d) 1133)

162

*F. M. Phelps*, of Portland (Phelps & Burdick, of Portland, on the brief), for appellants.

*Jas. L. Conley*, of Portland, for respondent.

RAND, J. Plaintiff brought this action to recover the loss and damage alleged to have been sustained by it upon two indemnity bonds executed by N. B. Lesher, Inc., as principal, and by itself as surety. Prior to the execution of these bonds, N. B. Lesher, Inc., hereinafter referred to as the contractor, had secured two contracts, one for the construction of a school gymnasium building for School District No. 4 at Prairie City and one for the construction of a school building for School District No. 47 at Seneca. In and by the terms of said indemnity bonds, plaintiff, as surety, undertook to indemnify each of the respective districts against any loss or damage it might sustain by reason of the contractor's failure to comply with the terms of its said contract.

After completing the construction of said buildings, the contractor breached each of said contracts by failing to pay some of the obligations incurred by it in the performance of the work, and plaintiff, as surety, was compelled to and did pay to School District No. 4 the sum of $2,057.96 and to School District No. 47 the sum of $598.04.

The complaint states the breach of the two contracts of N. B. Lesher, Inc., as a separate cause of action and alleges that prior to the execution of these indemnity bonds each of the defendants had jointly and severally undertaken in writing to indemnify plaintiff against any loss or damage it might sustain as surety upon said bonds or either of them. The defendants, Bjorkman and American Construction Company, by a separate answer, set up as a defense that they had been induced by false and fraudulent representations of the plaintiff and its agents to enter into said writings to indemnify plaintiff.

Upon the trial of the cause, plaintiff recovered judgment upon its first cause of action for the sum of $2,057.96 against all the defendants in the action, but failed to recover as against the defendants Bjorkman and American Construction Company upon its second cause of action. From the judgment against them, the defendants Bjorkman and American Construction Company alone have appealed.

The trial court instructed the jury that it was necessary for the defendants to establish the fraud charged by clear and satisfactory evidence and this instruction is assigned as error. In support of this contention, they cite section 9-2001, subd. 5, Oregon Code 1930, and *Kelley v. Joslin,* 123 Or. 253 (261 P. 413); *Eastman v. Crary,* 131 Or. 694 (284 P. 280); *Herman v. East Side Logging Co.,* 135 Or. 279 (295 P. 960); and *McCredie v. Commercial Cas. Ins. Co.,* 142 Or. 229 (20 P. (2d) 232, 91 A. L. R. 557).

Under the section referred to, it is the duty of the trial court "on all proper occasions" to instruct the jury: "That in civil cases the affirmative of the issue shall be proved, and when the evidence is contradictory, the finding shall be according to the preponderance of evidence".

■ Under these provisions, in cases not criminal, a plaintiff is never required to prove his case by more than a preponderance of evidence and this is as true of actions for fraud as it is of other actions. And so it was held in *Kelley v. Joslin,* supra, that an instruction which went beyond the statute and added to "a preponderance of evidence" such words "as 'clear' or 'fair' has a tendency to mislead the jury and is, therefore, erroneous". That case was an action to recover the value of a building alleged to have been purposely set on fire and burned by the defendants. In charging the jury, the trial court stated that, before the plaintiff could recover for the burning of the building, the evidence must be "sufficient to satisfy your minds by a clear preponderance thereof, that plaintiff should recover from defendants for the value of the property destroyed by fire". Because of this error alone, the case was reversed. There was no instruction given that to prove a charge of arson in a civil case the evidence should be clear and satisfactory, nor was any consideration given to the question of whether such an instruction, if it had been given, would have been proper. That case, therefore, can not be an authority upon the question involved here, unless a preponderance of evidence and the degree of proof necessary to establish a charge of arson, fraud or the like is one and the same thing. They are, however, two separate and distinct things and the distinction between them has been repeatedly recognized by this court and the courts of other states. In Notes and Comment on Degrees of Proof in 69 U. S. Law Review, p. 178, it is said:

"* * * the courts are repeatedly confusing two distinct things—the weight, on the one hand, to be attached to evidence because of its nature or because of the nature of the fact sought to be established, and, on the other, the matter of the degree of proof.

"The distinction is, however, quite real and has been repeatedly recognized by the courts. Thus, in Garey v. Morley, 234 Mich. 675, 209 N. W. 116, the court said that while a preponderance is sufficient, yet to impeach the verity of a written instrument on the ground of fraud, more convincing proof must be submitted than where the contract is in parol. In a later case (Bryant v. P. H. Whiting & Co., 261 Mich. 561, 246 N. W. 497) the same court remarked that 'courts are * * * strongly inclined to look with suspicion upon testimony tending to impair the effect of a writing'."

This distinction was not recognized in *Eastman v. Crary,* supra. The question in issue in that case was whether certain promissory notes against which the statute of limitations had run had been revived by payments alleged to have been subsequently made. Upon that issue, the trial court instructed the jury: "you must be satisfied by clear and convincing evidence that the payments were made under such circumstances as were intended by the defendant to amount to a payment upon the debt and an acknowledgment of the balance due thereon at that time". The question of a preponderance of evidence was not involved in that case as it had been in *Kelley v. Joslin,* supra, yet in passing upon the question that was involved, this court said:

"The identical question was considered in Kelley v. Joslin et al, 123 Or. 253, 261 P. 413, where the court, in referring to the above statute, said that it was conclusive on the subject and that 'any instruction which goes beyond this by the addition of such words as "clear" or "fair" has a tendency to mislead the jury and is, therefore, erroneous.' Regardless of what may be the holding in other jurisdictions, the case cited is decisive of the one at bar. Also see Carty v. McMenamin & Ward, 108 Or. 489, 216 P. 228. Such error compels, as in the Kelley case, a reversal of the judgment and the remanding of the cause for a new trial."

This latter decision was followed in *McCredie v. Commercial Cas. Ins. Co.*, supra, where the question was whether the assured, under an accident policy, had committed suicide or had been murdered, and the matter complained of there was whether the trial court had erred by refusing to give plaintiff's requested instruction to the effect that suicide must be proved by clear and convincing proof, and, upon that question, this court, following *Eastman v. Crary*, supra, held that no error had been committed by such refusal.

The other cases cited have no bearing upon the question now under consideration. In *Carty v. Mc-Menamin & Ward*, 108 Or. 489 (216 P. 228), which was cited in *Kelley v. Joslin*, supra, in support of the doctrine there announced, it was merely held that a person upon whom the burden of proof rested is only required to prove his case by a preponderance of evidence. There is no reference in that case to any instruction similar to the one involved here.

*Herman v. East Side Logging Co.*, supra, was a civil action in which the trial court charged that the facts constituting the fraud must be clearly and conclusively established. This was deemed to be almost equivalent to saying that fraud in a civil action must be established beyond a reasonable doubt and to call for a higher degree of proof of fraud than is required in civil actions. The case was reversed upon that point. That case, therefore, is not in point upon the question now under consideration since the word "satisfactory" was used in place of "conclusively" in the instruction now under consideration.

██ "That a person is innocent of crime or wrong" is a disputable presumption under section 9-807, subd. 1, Oregon Code 1930. Like all other disputable presumptions, it may be overcome by other evidence but, unless

so overcome, the presumption must be indulged. To overcome the presumption where fraud is charged, the evidence in proof of the fraud should be clear and satisfactory, and this we think conforms to the rulings of this court in every case, both at law and in equity, when speaking upon that subject except in the two cases above referred to. As said by Moore on Facts, Vol. 1, section 28: "To create a preponderance of evidence, the evidence must be sufficient to overcome the opposing presumptions, if any there are, as well as the other opposing evidence." In section 545, he says: "Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear."

■■ It is well settled by the former decisions of this court that fraud is not to be presumed but must be proved by the party alleging it. It may, however, be inferred from the facts proved if such facts are sufficient to warrant such inference. To warrant an inference of fraud, "the circumstances relied upon must be of such a satisfactory character as to convince the mind of the trier of the fact that the transaction drawn in question was a sham and not what it purported to be": *Keel v. Levy,* 19 Or. 450, 452 (24 P. 253); *Haney v. Parkison,* 72 Or. 249 (143 P. 926, Ann. Cas. 1916D, 1035).

In *Wimer v. Smith,* 22 Or. 469, 486 (30 P. 416), Mr. Justice LORD, speaking for the court, said:

"* * * On a charge of fraud, the burden of proof is on the party alleging it. The defendants must clearly and distinctly prove the fraud or false representations they allege. The law in no case presumes fraud. The presumption is always in favor of innocence, and not guilt. Fraud must be proved, but it may be proved by circumstances from which no other inference but that of fraud can be drawn. The rule is, that when proven

by circumstances, they must afford a strong presumption. (Juzan v. Toulmin, 9 Ala. 662; S. C. 44 Am. Dec. 448). Circumstances of mere suspicion will not warrant the conclusion of fraud. (Taylor v. Fleet, 4 Barb. 95; Clarke v. White, 12 Pet. *178). 'The evidence of it,' Chancellor Kent said, 'must be clear, strong, and satisfactory.' (Boyd v. McLean, 1 John's Ch. *582; Gillespie v. Moon, 2 id. 585.) And so likewise said the learned and eminent Dillon, J., in Geib v. Ins. Co., 1 Dill. C. C. 443. In no doubtful matter does the court lean to the conclusion of fraud; it is not to be assumed on doubtful evidence. If the fraud is not clearly and strictly proved as alleged, relief cannot be had, although the party against whom relief is sought may not have been perfectly clear in his dealings. (Mowatt v. Blake, 31 L. T. 387.) The facts constituting fraud must be clearly and conclusively established to justify the court in finding it; but it may be proved by the preponderance of the testimony. (Big. Fraud. 474, 476; Kerr, Fraud & Mis. 384; Bump, Fraud Conv. 584, 587; Wait, Fraud Conv. § 281.''

In *Scott v. White,* 50 Or. 111, 114 (91 P. 487), this court said:

"* * * the plaintiff has not sustained that issue [fraud] by that preponderance of clear and satisfactory proof that a court of equity always requires to establish fraud upon another. Plaintiff not only has the burden of proof of the issue, but the charge must be proved by clear and satisfactory evidence. * * * 'A party, therefore, relying upon the establishment of a cause of action or a right to a remedy against another, based upon the alleged commission of a fraud by such person, must show affirmatively facts and circumstances necessarily tending to establish a probability of guilt in order to maintain his claim. When evidence is capable of an interpretation which makes it equally as consistent with the innocence of the accused party as with that of his guilt, the meaning must be ascribed to it which accords with his innocence rather than that which imputes to him a criminal intent.' Morris v. Talcott, 96 N. Y. 100.''

In *Richardson v. Griggs,* 51 Or. 222 (94 P. 561), Mr. Commissioner KING said:

"It is too well settled to admit of doubt that the moving party in a suit brought to annul or set aside a deed, or to compel a conveyance of realty, has the burden of proof, and must establish the facts sufficient to justify a decree in his favor by clear and explicit evidence, in respect to which plaintiff has failed."

In *Shebley v. Quatman,* 66 Or. 441, 448 (134 P. 68), this court, speaking through Mr. Chief Justice McBRIDE, said:

"Courts will not presume fraud and will not find fraud except upon clear and satisfactory testimony."

In *Buck v. Columbia Agricultural Company,* 106 Or. 531 (212 P. 801), this court said:

" 'While it is not necessary, in order to sustain an allegation of fraud, that the evidence should be so decisive as to leave no doubt, unless it be in the case of an attempt to overturn a writing, the rule requiring clear and satisfactory evidence appears to mean more than is meant by satisfactory evidence of other facts not involving turpitude. There is, it seems, in the case of a charge of fraud, a presumption of honesty to overcome, and stronger evidence will accordingly be required than would be necessary in a case in which no presumption to be met existed.' 1 Bigelow on Fraud, p. 145."

In *Castleman v. Stryker,* 107 Or. 48 (213 P. 436), this court said:

"Where a party alleges that a contract was obtained from him by fraud, the onus probandi, or burden of proving the fraud, lies on him, and whether the facts as proved amount to a fraud is a question for the court, as well in an action at law as in a suit in equity. Fraud must be proved as alleged, and the burden of proving it always rests upon the party alleging it. Fraud may be established either by direct or positve proof of fraud

or by circumstantial evidence, but whether one or the other, the proof establishing the fraud must be clear, satisfactory and convincing: * * *

" 'The law in no case presumes fraud. The presumption is always in favor of innocence and not of guilt. In no doubtful matter does the court lean to the conclusion of fraud. Fraud is not to be assumed on doubtful evidence. The facts constituting the fraud must be clearly and conclusively established. Circumstances or mere suspicion will not warrant the conclusion of fraud. The proof must be such as to create belief and not merely suspicion. If the case made out is consistent with fair dealing and honesty, the charge of fraud fails.' Kerr on Fraud and Mistake, (5 Ed.) p. 477.''

In *Cameron v. Edgemont Inv. Co.*, 136 Or. 385 (299 P. 698), a suit to rescind a land contract, Mr. Justice ROSSMAN, speaking for the court, said:

"At the outset we remind ourselves of the well-established rule that evidence in actions of this kind, to warrant a recovery, must be clear, satisfactory, and convincing."

In Jones on Evidence, Vol. 2, section 192, in discussing the burden of proof he says:

"The principle is equally familiar in the law of fraud. Thus, while it is error to charge the jury that fraud must be proved 'beyond reasonable doubt' by the party alleging it, or by 'clear and undoubted proof', or by 'irresistible' evidence, still parties are presumed to be free from fraud until the contrary is proved, and the burden rests upon him who asserts fraudulent conduct to make good the charge by clear and satisfactory proofs of the fraud alleged and the defendant's responsibility for it."

Bump in his treatise on Fraudulent Conveyences, (2d Ed.), page 583, says:

"* * * Fraud in the transfer of goods or land may be shown by the same amount of proof as will

establish any other fact in its own nature as likely to exist. In any case the number and cogency of the circumstances from which guilt may be inferred are proportioned to the original improbability of the offence. * * * How much evidence is required to raise a presumption of actual fraud can not be determined according to any inflexible rule. * * *

"The proof, however, must be clear and satisfactory. It must be so strong and cogent as to satisfy a man of sound judgment of the truth of the allegation. It need not possess such a degree of force as to be irresistible, but there must be evidence of tangible facts from which a legitimate inference of a fraudulent intent may be drawn. * * * As an allegation of fraud is against the presumption of honesty, it requires stronger proof than if no such presumption existed. As it is against a presumption of fact, perhaps often a slight one, it requires somewhat more evidence than would suffice to prove the acknowledgment of an obligation or the delivery of a chattel. It is not necessary, however, that the fraud shall be proved beyond a reasonable doubt. Issues of fact in civil cases are determined by a preponderance of testimony, and the rule applies as well to cases in which fraud is imputed as to any other."

When we consider the decisions of the courts of other jurisdictions upon this question, we find that the great majority of the courts, both federal and state, hold it to be proper for the trial court, in describing the degree of proof required to establish fraud in civil actions, to charge the jury that the evidence in proof of the fraud must be clear, satisfactory and convincing, or in similar words having a like import. See notes to *Lepley v. Anderson,* 142 Wis. 668 (125 N. W. 433, 33 L. R. A. (N. S.) 836), commencing on page 836 of 33 L. R. A., wherein a great number of cases involving that question have been collated. In fact, it was held in *Lepley v. Anderson,* supra, which was an action for

money had and received, that it was improper for the trial court not to have done so. The decision in that case was by Mr. Justice Marshall, who, speaking for the court, said:

" * * * the claim of fraud should not be allowed to prevail unless established by clear and satisfactory evidence. In this respect the familiar rule applies that he who alleges fraud in a civil action to prevail, must establish his claim with more than that ordinary degree of certainty which suffices as to the party on whom the burden of proof rests in a civil case. That degree of certainty is something less than beyond a reasonable doubt, as in a criminal case, yet something more than mere reasonable certainty which may be grounded on a bare preponderance of the evidence; that degree which is contemplated by an instruction that the party on whom the burden of proof rests must establish the truth of his claim by a preponderance of the evidence. The distinction may be a little shadowy, yet it is believed to be substantial. At any rate, it is firmly grounded in our jurisprudence and is characterized as that degree of certainty which is produced by clear and satisfactory evidence. [Citing cases.]"

In applying that doctrine of the facts of that case, he said:

"Looking at the printed record alone, it does not seem that the evidence of respondent was sufficient to outweigh the equally positive, and so far as appears, equally credible, evidence of appellant and the writing besides, so as to establish clearly and satisfactorily, or in other words, clearly, satisfactorily, and convincingly, that appellant's use of the writing was dishonest. It may possibly be, as we have seen, that circumstances existed which were entitled to weight by the jury, but which we can not have the benefit of; and which were sufficient, as the jury so thought, to point to the requisite degree of certainty of the truth to justify finding in respondent's favor. Had the jury been carefully instructed in respect to the matter, it may be that they

would not have found as they did. It seems quite probable that they would not. Had they done so with an appreciation of the rule as to establishing fraud, it may be that the verdict could not be disturbed here, though that is not clear.

"Neither counsel for the plaintiff, nor counsel for the defendant, nor the circuit judge, seems to have appreciated the distinction between proving fraud and proving any ordinary fact in issue in a civil case. The judge in the instruction, phrased by himself, informed the jury that the burden was upon plaintiff to establish his claim of fraud to their satisfaction by a fair preponderance of the evidence, instead of making it plain that he should establish it to such satisfaction by clear and satisfactory evidence."

In considering the question involved here, namely: the degree of proof required to establish fraud and its relation to the question of what constitutes a preponderance of evidence in a civil action, the court in *McKeon v. Van Slyck,* 223 N. Y. 392 (119 N. E. 851), said:

"In civil cases a plaintiff is never required to prove his case by more than a preponderance of evidence. This is as true of actions against an executor, founded on claims put forward for the first time after the death of the testator, as it is of other actions. (Lewis v. Merritt, 113 N. Y. 386.) No doubt in determining whether the preponderance exists, the triers of the facts must not forget that death has sealed the lips of the alleged promisor. They may reject evidence in such circumstances, which might satisfy them if the promisor were living. They must cast in the balance the evidence offered upon the one side and the opportunities for disproof upon the other. They may, therefore, be properly instructed that to make out a preponderance, the evidence should be clear and convincing. (Roberge v. Bonner, 185 N. Y. 265.) But all these instructions in last analysis are mere counsels of caution. The responsibility of determining whether the evidence is

clear and convincing must ultimately rest upon the jury, subject, of course, to the power of the court to set aside their verdict. There is no rule of law that the claimant's contract must be in writing, or even that it must be made out in all substantial particulars by disinterested witnesses.''

■ When other provisions of our code are considered, it seems plain that the court did not err in giving the instructions complained of. Section 9-101, Oregon Code 1930, provides:

''Judicial evidence is the means, sanctioned by law, of ascertaining in a judicial proceeding the truth respecting a question of fact. Proof is the effect of evidence, the establishment of the fact by evidence.''

Section 9-103 provides:

''The law does not require demonstration; that is, such a degree of proof as, excluding possibility of error, produces absolute certainty, because such proof is rarely possible. Moral certainty only is required, or that degree of proof which produces conviction in an unprejudiced mind.''

Section 9-112 provides:

''That evidence is deemed satisfactory which ordinarily produces moral certainty or conviction in an unprejudiced mind. Such evidence alone will justify a verdict. Evidence less than this is denominated insufficient evidence.''

When these sections and section 9-2001 are read and considered together and effect given to all their provisions, it seems manifest that, in the proof of any issue in a civil case, the evidence must be sufficient to convince the jury upon that issue before the jury would be justified in returning its verdict in favor of the one having the affirmative upon that issue. That evidence is deemed satisfactory which ordinarily pro-

duces moral certainty or conviction in an unprejudiced mind and any evidence less than that is insufficient evidence and will not alone justify a verdict. From these provisions, it is clear that the law requires the evidence to be convincing and, where the effect of it is to overcome a disputable presumption, the evidence ought to be sufficient to produce a conviction in the minds of the jurors that the evidence and not the presumption ought to be followed. And since all courts recognize that a higher degree of evidence is required to prove some issues than others a trial court ought to be left free to point out, upon an issue of that character, that the evidence should be clear, satisfactory and convincing. To hold otherwise would hamper the trial court in the administration of justice and would seem to be unwarranted under the plain provisions of our statute.

For these reasons, *Eastman v. Crary,* supra, and *McCredie v. Commercial Cas. Ins. Co.,* supra, so far as in conflict herewith, must be overruled, and we hold that no error was committed in the giving of the instruction complained of in the instant case.

There are two other assignments of error which we have carefully considered, but, finding no error, the judgment appealed from is, therefore, affirmed.

BELT, J., not sitting.

CAMPBELL, C. J., and KELLY, J., dissent.