## REINHARDT v. WEYERHAEUSER TIMBER CO.

### No. 1097.

District Court, D. Oregon.

Oct. 23, 1942.

Wm. P. Lord and Ben Anderson, both of Portland, Or. for plaintiff.

Reilly & Davidson, of Portland, Or. for defendant.

YANKWICH, District Judge.

■ He who charges fraud or over-reaching must prove it by clear and satisfactory evidence.[1] The evidence here does not disclose any fraudulent representation or concealment by the agents of the defendant.

■ If we take the plaintiff's version of what took place at the hospital, there was merely the presentation of the check and the signing of the release. The law imposed on the plaintiff the duty to read the release.[2] This principle is recognized in federal jurisprudence and has been applied to releases from employer's liability.[3]

Admiralty cases, like McCahan Sugar Refining & Molasses Co. v. Stoffel, 3 Cir., 1930, 41 F.2d 651, or Hume v. Moore-McCormack Lines, 2 Cir., 121 F.2d 336, do not control. They are decided under the influence of the doctrine of "the peculiar rights and immunities" of the seaman, the admiralty's favored ward.

■ Here we are not required to start with any presumptions against the validity of a contract of this character. And Peluck v. Pacific Machine & Blacksmith Co., 1930, 134 Or. 171, 178, 293 P. 417, does not teach otherwise.[4]

■ On the stand, the plaintiff showed himself to be intelligent, alert, and, while he may not have had much formal schooling, his knowledge of the English language is above the average. Granted that he did not read the release before signing it, he read it afterwards. According to his own admissions, he studied it very carefully at the public library with the aid of a large dictionary, early in December, 1941. He understood then that he had surrendered his right to sue. Yet he continued until March, 1941, to receive checks and to sign receipts, each of which referred distinctly to "the terms" of the release agreement. And he made no complaint to anyone connected with the company that he had not understood the nature of the agreement. His later repudiation of it, by the institution of the present action, carries no conviction.

I, therefore, find that the release agreement, dated October 24, 1941, is valid and subsisting, was ratified by the plaintiff, is a complete defense to the action, and that the further prosecution of the action should be enjoined.

Findings and judgment, in accordance with these views, to be submitted by counsel for the defendant.

[1] Metropolitan Casualty Ins. Co. v. Lesher, Inc., 1935, 152 Or. 161, 52 P.2d 1133.

[2] Broad v. Kelly's Olympian Co., 1937, 156 Or. 216, 66 P.2d 485.

[3] Whitney Co. v. Johnson, 9 Cir., 1926, 14 F.2d 24; Merwin v. New York, N. H. & H. R. Co., 2 Cir., 1933, 62 F.2d 803.

[4] See Broad v. Kelly's Olympian Co., supra.