Argued November 1; affirmed December 29, 1949

In re WILKERSON ESTATE
HILL *v.* UNITED STATES NATIONAL BANK
213 P. (2d) 209

*Arthur T. Cavanaugh, Jr.,* argued the cause for Appellant. On the brief were Helm & Cavanaugh, of La Grande.

*R. D. H. Swindley,* of La Grande, argued the cause for Respondent. With him on the brief were Cochran & Eberhard and Dixon & Burleigh, of La Grande.

Before LUSK, Chief Justice, and BRAND, BAILEY, HAY and PAGE, Justices.

LUSK, C. J.

This is an appeal by a claimant against an estate from an adverse judgment of the Circuit Court in a proceeding to establish his claim. The claim was for damages for breach of a written contract by which the decedent agreed to sell and convey real property in Union County to the claimant; the defense was, that the contract was mutually rescinded by oral agreement of the parties during the lifetime of the decedent. The court found that the defense had been established. It is practically conceded that there is evidence to support this finding, but the contention of the claimant is that proof of oral rescission of a written contract must be "clear and satisfactory" (Citing *Boyes v. Ramsden,* 34 Or. 253, 255, 55 P. 538; *Watson v. Janion,* 6 Or. 137; 2 Jones on Evidence, Civil Cases (4th ed.) 846); that a mere preponderance of the evidence will not suffice; and that the proof here does not measure up to the established standard.

We think that this contention confuses two different things. In every civil action "when the evidence is contradictory, the finding shall be according to the

preponderance of evidence''. § 2-1001, O. C. L. A. The rule being statutory, no court is empowered to ignore or alter it. But in certain classes of cases, owing to the nature of the fact sought to be established or the nature of the evidence itself, the courts require that there be a higher degree of evidence than in other cases in order to constitute a preponderance of the evidence.

That is all that was decided in *Metropolitan Casualty Insurance Co. v. Lesher,* 152 Or. 161, 52 P. (2d) 1133, cited by the claimant. The court held in that case that, where fraud was relied on as a defense to an action, it was not error to instruct the jury that it was necessary to establish the fraud by clear and satisfactory evidence. A careful study of the opinion by Mr. Justice Rand, and of the numerous authorities from which he quoted, shows that the court in so deciding did not abandon the principle that a preponderance of the evidence is the ultimate requirement for the finding of a fact in a civil action. After a review of the authorities and a reference to the pertinent statutory provisions (§§ 2-101, 2-201, 2-211, O. C. L. A.) the opinion concluded as follows:

''* * * From these provisions, it is clear that the law requires the evidence to be convincing and, where the effect of it is to overcome a disputable presumption, the evidence ought to be sufficient to produce a conviction in the minds of the jurors that the evidence and not the presumption ought to be followed. And since all courts recognize that a higher degree of evidence is required to prove some issues than others a trial court ought to be left free to point out, upon an issue of that character, that the evidence should be clear, satisfactory and convincing. To hold otherwise would hamper the trial court in the administration of justice and would seem to be unwarranted under the plain provisions of our statute.''

The court gave its approval (152 Or. 164) to the following statement quoted from 69 U. S. Law Review, p. 178:

"* * * the courts are repeatedly confusing two distinct things—the weight, on the one hand, to be attached to evidence because of its nature or because of the nature of the fact sought to be established, and, on the other, the matter of the degree of proof.

"The distinction is, however, quite real and has been repeatedly recognized by the courts. Thus, in Garey v. Morley, 234 Mich. 675, 209 N. W. 116, the court said that while a preponderance is sufficient, yet to impeach the verity of a written instrument on the ground of fraud, more convincing proof must be submitted than where the contract is in parol. In a later case (Bryant v. P. H. Whiting & Co., 261 Mich. 561, 246 N. W. 497) the same court remarked that 'courts are * * * strongly inclined to look with suspicion upon testimony tending to impair the effect of a writing.' "

The court also quoted (152 Or. 173) from *McKeon v. Van Slyck*, 223 N. Y. 392, 119 N. E. 851, where it is said, in discussing this question with reference to an action against an executor, that in civil cases a plaintiff is never required to prove his case by more than a preponderance of evidence, but, in view of the fact that the lips of the alleged promisor are sealed in death, "They (the jury) may, therefore, be properly instructed that to make out a preponderance, the evidence should be clear and convincing. (*Roberge v. Bonner*, 185 N. Y. 265.) But all these instructions in last analysis are mere counsels of caution. The responsibility of determining whether the evidence is clear and convincing must ultimately rest upon the jury, subject, of course, to the power of the court to set aside their verdict."

That the court did not intend, by its decision in the Metropolitan Casualty Insurance Co. case, to hold that in cases of that character the preponderance of evidence rule does not apply, plainly appears from the approval given to the statements quoted (152 Or. 170) from Bump on Fraudulent Conveyances (2d ed.) 583. That author says in effect that, while proof of fraud must be clear and convincing, the rule that issues of fact in civil cases are determined by a preponderance of testimony, applies as well to cases in which fraud is imputed as to any other. The same principle is enunciated in *Losey v. O'Hair*, 160 Or. 63, 73, 74, 83 P. (2d) 493, in discussing the question of the sufficiency of the evidence to prove an oral agreement to convey realty.

■ So that, there is no basis for the claimant's contention that the preponderance rule does not apply to this case, as fully as to any other civil action. And, if there is substantial evidence on both sides of the issue of mutual rescission, the determination of the question is for the trier of the facts, not for the Supreme Court.

In this case the evidence is that the decedent, Clara Wilkerson, who was the aunt of the claimant, Willard V. Hill, on October 7, 1946, signed and delivered to the claimant a writing by which she acknowledged a down payment of "$1,000 in check" on a 130 acre ranch near Union, Oregon, "$12,000.00 to be paid in cash, when abstract is brought up to date." On March 15, 1947, the decedent sold the ranch to Harlan Hall for $16,900.00. This sum, according to the claimant, represents the market value of the property at that time. His claim is for the difference between that sum and what he agreed to pay. The check which the decedent received from the claimant was never presented

to the bank on which it was drawn, it was not found among the effects of the decedent after her death, and was not produced at the trial. The writing signed by the defendant, however, was produced and put in evidence by the claimant, and, according to his testimony, it had never been out of his possession up to the time of the trial.

The evidence of rescission comes from two witnesses, who testified that the claimant told them that, before the sale of the property to Hall, Mrs. Wilkerson had decided not to sell to the claimant and had returned the check to him; and from a third witness, who testified in considerable detail to conversations with Mrs. Wilkerson in which she told him in substance that the claimant had agreed to the cancellation of the contract and that she had returned the check to him. This witness testified further that Mrs. Wilkerson told him that Hill had surrendered the contract to her.

■ The foregoing constitutes substantial evidence that the contract was mutually rescinded. It is contradicted, but its weight was for the trial judge. It was his duty, of course, in appraising the evidence to apply the canon of clear and satisfactory evidence. But the responsibility of determining whether the evidence was clear and convincing was upon him (*McKeon v. Van Slyck*, supra), and, as in other cases of conflicting evidence tried as actions at law, we have no authority to disturb his conclusion.

The subject-matter of the claim in this case is, in effect, the right to recover damages for breach of contract. The propriety of the procedure has not been questioned; hence, we express no opinion upon it.

The judgment is affirmed.