## SOUTHERN, LOG CART & SUPPLY CO. v. LAWRENCE et al.

(Circuit Court of Appeals, Fifth Circuit. April 19, 1898.)

### No. 675.

1. MARITIME LIENS—ADMIRALTY JURISDICTION.

A flatboat, with a pile driver and its engine erected thereon, which is mainly used in constructing bulkheads for the erection of channel lights, and which is also employed in transporting materials used in the work (being towed by a tug for this purpose), is to be classed as a "vessel" within the maritime jurisdiction, and subject to maritime liens.

2. SAME—SEAMEN'S WAGES.

Persons employed upon such a boat, who assist in moving her about, and who also work the pile driver and are engaged in constructing the bulkhead, are to be regarded as rendering maritime services, so as to give them a lien on the vessel for their wages.

Appeal from the District Court of the United States for the Southern District of Alabama.

This was a libel in rem by Millard T. Lawrence and others against an unnamed flatboat or pile driver of which the Southern Log Cart & Supply Company were claimants, to recover a balance of wages due for services rendered on the said boat. The district court held that the boat was a "vessel" capable of becoming the subject of a maritime lien, and that the services rendered by the libelants were maritime services, and accordingly rendered a decree in their favor. The opinion of the district judge, which contains a full statement of the facts, is reported in 84 Fed. 200.

Harry T. Smith, for appellant.

J. Ralston Burgett, W. D. McKinstry, and Leslie B. Sheldon, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PER CURIAM. For the reasons given by the learned district judge, and found in the transcript, the decree appealed from is affirmed.