## CHICAGO, R. I. & P. RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918.)

No. 5046.

MASTER AND SERVANT ⌘13—REGULATIONS—RAILROAD TELEGRAPHER—HOURS OF SERVICE.

> An hour allowed a telegrapher for meals, during which he was subject to recall, etc., cannot be deducted from the whole time he was on duty within the Hours of Service Act, § 2 (Comp. St. 1916, § 8678), so as to allow a railroad company to escape penalty for violating the act by keeping the telegrapher on duty more than 9 hours.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Proceeding by the United States of America against the Chicago, Rock Island & Pacific Railway Company for violation of the Hours of Service Act. There was a judgment for the United States, and defendant brings error. Affirmed.

Paul E. Walker and Luther Burns, both of Topeka, Kan., for plaintiff in error.

Fred Robertson, U. S. Atty., of Kansas City, Kan., and Roscoe F. Walter, Sp. Asst. to U. S. Atty., of Washington, D. C.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. The railway company was held by the trial court to have violated section 2 of the Hours of Service Act of March 4, 1907 (34 Stat. 1415, c. 2939 [Comp. St. 1916, § 8678]), by requiring or permitting a telegraph operator in one of its day and night stations to remain on duty more than 9 hours in a 24-hour period. On November 25, 1913, the operator went on duty at 2 p. m. and left at 11:40 p. m., but in the meantime had been absent an hour for supper. The question in the case depends upon the conditions of his absence for supper, and is whether the time should be deducted from the 9 hours and 40 minutes, or whether he was still on duty within the intent of the statute.

The usual daily service of the operator was from 2 p. m. to 11 p. m., with an hour out for rest and his evening meal. The hour, generally from 6 o'clock to 7, was not definitely fixed, but depended upon the requirements of the work. The understanding between him and the company, and the practice, was that, though at some time he should have his hour off, it was alterable and adjustable to

the needs of the office; also that, while off duty during the hour, he was subject to recall by the company whenever its business required. It is clear that the time allowed was so uncertain and restrained that it was not a period for refreshment, rest, and recreation within the meaning of the law. It was not his own, to occupy as he deemed best. He was at his employer's beck at any time, and might even be called to the office from the table. He was not free to go from his home beyond reach of a summons to active duty, but had to hold himself within call and in readiness to respond at any moment. Instead of that sense of freedom essential to mental and physical relaxation, a tenseness was imposed as by an alarm clock sounding peremptorily, but with uncontrolled irregularity. The hour of rest and refreshment was dominated by the business requirements of the company. That on the day in question he was not called before it expired is immaterial. The arrangement between them and the practice determined their relation, and whether the operator should be regarded as free or on continuing duty. This conclusion is in harmony with the decisions of this and other courts. It is enough to cite Missouri, Kansas & Texas R. Co. v. United States, 231 U. S. 112, 34 Sup. Ct. 26, 58 L. Ed. 144.

The judgment is affirmed.