**GALE et al. v. UNION BAG & PAPER CORPORATION.**

No. 9482.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1940.

Anderson G. Ulmer, Alphene W. Dowell, and John J. Hennessy, all of Savannah, Ga., for appellants.

David S. Atkinson, of Savannah, Ga., and Lindsay Goeltz, of New York City, for appellee.

Everett H. Brown, Jr., of Philadelphia, Pa., and Joseph Diehl Fackenthal, of New York City, for Amicus Curiae.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This case arises under the provisions of the Fair Labor Standards Act of 1938, June 25, 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. Three suits were brought by nine of its employees against Union Bag and Paper Corporation, a New Jersey corporation, to recover wages for overtime, liquidated damages and reasonable attorneys' fees, under the provisions of Sections 6, 7 and 16 of the act, 29 U.S.C.A. §§ 206-207 and 216. The parties will be referred to as plaintiffs and defendant.

By agreement the suits were consolidated for trial in the District Court and tried by the judge without a jury. For reasons given in a well considered opinion, Lowrimoore v. Union Bag & Paper Corp., D.C., 30 F.Supp. 647, the court held that plaintiffs were seamen within the meaning of the act, section 13(a) (3), and excepted from its provisions. 29 U.S.C.A. § 213(a) (3). Judgment was entered in favor of defendant. This appeal followed. The material facts are not disputed. They are as follows:

Defendant operates a plant at Savannah, Georgia, for the making of paper bags, paper pulp, etc. The products are sold and distributed in interstate commerce. It owns a fleet of barges which brings to the plant raw materials from points in Georgia, South Carolina and Florida. Plaintiffs are employed as barge tenders on these barges and perform the services usual to their occupation, such as attending to the lines and anchors, putting out running and mooring lights, pumping out bilge water, etc. They are furnished sleeping quarters on the barges and occupy them. They have the usual shore leave when the barges are at Savannah but are subject to call at any time in case of emergency. The barges are without motive power or steering gear. They are towed by tugs and then the barge tenders are under the orders of the captain of the tug. We refer to the opinion of the District Court for a statement of the facts and a review of the law more in detail.

The word "seaman" has a plain, ordinary meaning universally applied. Whether a person is a seaman depends upon the character of his duties. If they are maritime in character and rendered on a vessel in commerce, in navigable waters, he

is a seaman. International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157.

Congress, in connection with the general maritime statutes applying to shipping, has defined the word "seaman" as follows: "In the construction of this chapter, every person having the command of any vessel belonging to any citizen of the United States shall be deemed to be the 'master' thereof; and every person (apprentices excepted) who shall be employed or engaged to serve in any capacity on board the same shall be deemed and taken to be a 'seaman'; and the term 'vessel' shall be understood to comprehend every description of vessel navigating on any sea or channel, lake or river, to which the provisions of this chapter may be applicable, * * *." R.S. § 4612; 46 U.S.C.A. § 713.

Practically the same definition has been adopted in respect of hospitalization of seamen. 24 U.S.C.A. § 1.

■ Undoubtedly, the barges were vessels engaged in commerce on navigable waters of the United States. The Robert W. Parsons (Perry v. Haines), 191 U.S. 17, 24 S.Ct. 8, 48 L.Ed. 73. In Ellis v. United States, 206 U.S. 246, 27 S.Ct. 600, 51 L.Ed. 1047, 11 Ann.Cas. 589, a criminal prosecution for violating the Eight Hour Law, Act of August 1, 1892, 27 Stat. 340, 40 U.S.C.A. § 321 et seq., it was held that employees on floating dredges and scows were "seamen" and not "laborers" covered by the act.

In Warner v. Goltra, 293 U.S. 155, 55 S. Ct. 46, 47, 79 L.Ed. 254, a case arising under the Merchant Marine Act of 1920, 46 U.S.C.A. § 688, it was said: "In a broad sense, a seaman is a mariner of any degree, one who lives his life upon the sea. It is enough that what he does affects 'the operation and welfare of the ship when she is upon a voyage.' "

This is a suit for wages, not for damages or compensation, and decisions holding certain employees to be seamen, entitled to a lien on the vessel for recovery of wages, are peculiarly applicable in construing the act. In the following cases it was held that workmen employed on barges and dredges having no motive power were to be considered "seamen" and entitled to a lien. The Alabama, D.C., 19 F. 544; McRae v. Bowers Dredging Co., C.C., 86 F. 344; Southern Log Cart & Supply Co. v. Lawrence, 5 Cir., 86 F. 907; Wandtke v. Anderson, 9 Cir., 74 F.2d 381. Other cases to the same effect could be cited but it is un-

necessary to do so. We are not advised of any case to the contrary where the facts were similar.

Plaintiffs cite the following decisions construing the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S. C.A. § 901 et seq., in which it was held that employees working on small boats and barges were not excluded from the benefits of the act: DeWald v. Baltimore & O. R. Co., 4 Cir., 71 F.2d 810; Diomede v. Lowe, Com'r, 2 Cir., 87 F.2d 296; Moore Dry Dock Co. v. Pillsbury, 9 Cir., 100 F.2d 245. The master or a member of a crew of any vessel is excluded from the provisions of the act; "seamen" are not. In each case the decision turned on the point that the employee was neither the master nor a member of the crew of a vessel. In Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754, the legislative history of the act is reviewed and the purpose of the legislation is discussed. It is plain that it was not the intention of Congress to ·exclude a person who might be considered a seaman within the ordinary meaning of the word from the benefits of the act unless he were the master or a member of the crew of a vessel.

It is immaterial that the vessels were without motive power. They were engaged in commerce upon navigable waters of the United States and were within the admiralty jurisdiction of the United States. It is apparent the barge men rendered services of a maritime character. They were necessary for the operation, welfare and safety of the barges. If the tow line had parted at any time on a voyage the barge would have been helpless and might have become a total loss if the barge tender was not there to drop the anchor and otherwise look out for its safety. The same is true if there was no one to pump out the bilge water as the barge might sink from its accumulation. The other duties they perform were also necessary and usual to the navigation of the barges. To restrict their employment to a week of 44 hours and ultimately to 40 hours per week would greatly interfere with the operation of such means of transportation. Probably barge tenders would not be employed at all. It is true that they might have worked longer hours by receiving pay for the overtime, at one and one-half times the prescribed rate, but that was their privilege and they could not have been compelled to perform services for longer hours unless they were willing.

We consider that, both from the letter and the intention of the act, it is clear employees of this character, ordinarily to be considered seamen, were excepted from its provisions.

The District Court also found that plaintiffs had failed to prove they were compelled to labor more than the maximum hours allowed by the act. In view of the conclusion reached as to the application of the law it is unnecessary to decide that question.

The record presents no reversible error. The judgment is affirmed.