### JOHNSON v. BLANKENSHIP.

No. 12961.

Circuit Court of Appeals, Eighth Circuit.

Dec. 13, 1945.

Charles E. Wright, of El Dorado, Ark. (R. H. Peace and J. R. Wilson, both of El Dorado, Ark., on the brief), for appellant.

Lamar Williamson, of Monticello, Ark. (D. A. Bradham, of Warren, Ark., and Paul Johnson, of Monticello, Ark., on the brief), for appellee.

Before GARDNER, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

This is a suit under the Fair Labor Standards Act of 1938, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., to recover alleged unpaid minimum wages, overtime pay, liquidated damages and attorneys' fees. The case was tried to the court without a jury. The court found that "The testimony is not sufficient to justify a finding that the plaintiff worked more than the maximum number of hours any week or that he has not been paid wages in excess of the minimum rate for the time worked"; and it concluded as a matter of law that the plaintiff was not entitled to recover any sum from the defendant.

■■ The burden was upon the plaintiff to establish by a preponderance of the evidence the number of hours worked and the amount of wages due. Johnson v. Dierks Lumber & Coal Co., 8 Cir., 130 F.2d 115. The evidence is in conflict. It is clearly susceptible of the interpretation placed upon it by the trial court. No useful purpose could be served by reviewing the testimony here. The court saw and heard the witnesses, and its findings are conclusive. Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Bailey v. National Carloading Corporation, 78 U.S.App.D.C. 244, 139 F.2d 383. F. W. Fitch Co. v. Camille, Inc., 8 Cir., 106 F.2d 635, 638.

Affirmed.