## PRATT et al. v. ALASKA PACKERS ASS'N et al.

### No. 27597 and Consolidated Cases.

United States District Court
N. D. California, S. D.
July 21, 1949.

Joseph Abihider, Dreyfus & McTernan, Francis J. McTernan, Jr., San Francisco, Cal., for plaintiffs.

Brobeck, Phleger & Harrison, Marion B. Plant, San Francisco, Cal., for defendants.

GOODMAN, District Judge.

This is a motion to dismiss 9 consolidated actions of a group of 49 similar actions commenced by plaintiffs under the Fair Labor Standards Act of 1938 as amended, 29 U.S.C.A. § 201 et seq., to recover alleged overtime compensation.

After pre-trial conference, the motion was submitted to the Court as a speaking motion [1] upon a statement of facts made by counsel on both sides. At least insofar as may be necessary for the determination of the motion, there is no dispute as to the facts and hence the causes may be determined as a matter of law upon the motion.

Plaintiffs are all marine engineers certificated and licensed to act as engine department officers of American merchant vessels. They served upon vessels owned and operated by the defendants as night relief engineers during periods of time when the vessels were at dock, before, after, and between navigation periods.

The question presented is whether or not plaintiffs were "employed as seamen" within the meaning of 29 U.S.C.A. § 213(a) (3), The Fair Labor Standards Act. If they were so employed, the Fair Labor Standards Act is not applicable and all cases must be dismissed.

Essentially, the services performed by the plaintiffs were by way of relief of regular engineers and officers during the vessels' stay in port. Such relief services were contracted for in collective bargaining agreements entered into between the Ship Operators and the National Marine Engineers' Beneficial Association.[2] The agreements were implemented by orders of the War Labor Board. The purpose was to enable regular crew members and officers to go ashore while in port. As to the plaintiffs themselves, in some instances, the relief work performed by them, in a manner of speaking, was fill-in work during periods when they had no sea duty, and in other instances, because of a desire to regularly live ashore.

Vessels involved were, so far as this controversy is concerned, in active service, that is, they were in port for business connected with transportation activities and were not inactive or laid up for repairs or

---

[1] Rule 12(b) F.R.C.P., 28 U.S.C.A.; Latta v. Western Investment Co., 9 Cir., 173 F.2d 99.

[2] The record (Tr. 12) shows that plaintiffs were dispatched from the Union Hiring Hall. Hence it is a fair inference that plaintiffs were members of the Marine Engineers' Union.

other reasons. In port, the vessels' machinery plant had to be kept in operation and therefore a watch was required day and night under the direction of licensed engineers. In ports of continental United States, with certain exceptions not pertinent here, ships' regular engineer officers who were assigned to night watches, were relieved by licensed engineers, such as plaintiffs, who were hired from ashore. There appears to be no substantial difference between the duties and responsibilities of the plaintiffs as relief engineers and those of the ships' regular officers so relieved, nor in the nature of the work performed.

There are, however, some other differences, e.g. the regular engineers were paid on a monthly basis, whereas the relief engineers were paid on an hourly basis; regular engineers were signatories to the shipping articles, whereas the relief engineers were not.[3]

The rates of pay of both the regular and relief officers were fixed pursuant to collective bargaining agreements between the ship owners and the union involved.

 Discussion, in the abstract, of the classification or status of plaintiffs, i.e. whether maritime engineer officers, living ashore and performing duties on ships while in port, are "seamen" is, in my opinion, a purely academic question and irrelevant. The issue here is: whether plaintiffs were "employees employed as seamen." If they were "employed" by defendants "as seamen," by its very terms, the Fair Labor Standards Act does not apply.

Since the statement of facts shows that the plaintiffs performed the same services and had the same duties and responsibilities as the vessels' regular engineers, and that such services and duties were performed in order to relieve the regular engineers, the conclusion inevitably follows that plaintiffs were "employed as seamen."

Neither the cases nor administrative rulings relied upon by plaintiffs[4] support their cause. The facts in the cited cases are essentially different and the administrative rulings are generalizations and not apposite to the facts here.

Here again, as in Moss v. Hawaiian Dredging Co., D.C., 83 F.Supp. 528, it is well to emphasize the laudable humanitarian and beneficent objectives of the Fair Labor Standards Act. These certainly do not give validity to plaintiffs' claims. To do so would amount to approval of a species of entrapment. For the Marine Engineers' collective bargaining agreements required defendants to employ the plaintiffs and fixed their rate of pay. Plaintiff having secured the employment on this basis, their claims, if recognized, would amount to repudiation of the agreements—a result which could well produce deleterious economic effects. This type of abuse of the Fair Labor Standards Act the Congress has already recognized.[5]

The motion to dismiss is granted.

---

[3] That plaintiffs did not sign shipping articles is immaterial. The nature of the work performed is the criterion. 29 U.S.C.A. § 213; Walling v. W. D. Haden Co., 5 Cir., 153 F.2d 196; Walling v. Snyder Min. Co., D.C., 66 F.Supp. 725.

[4] Anderson v. Manhattan Lighterage Corporation, 2 Cir., 148 F.2d 971; Walling v. Keansburg Steamboat Co., 3 Cir., 162 F.2d 405; Regulations of the Wage and Hour Division, 29 C.F.R. Part 783.2.

[5] Portal-to-Portal Act of 1947, 29 U.S.C.A. 251 et seq. Overtime on Overtime Pay Claims Bill H.R.858, approved July 20, 1949.