**George P. SHULTZ, Secretary of Labor United States Department of Labor, Plaintiff,**

**v.**

**REED'S SHIPYARD OF BOOTHBAY, INC., Defendant.**

**Civ. A. No. 10–130.**

United States District Court
D. Maine, S. D.

March 26, 1969.

Albert H. Ross, Regional Atty., Floyd G. Ansley, Atty., U. S. Dept. of Labor, Boston, Mass., for plaintiff.

Robert S. Marsh, President, Reed's Shipyard of Boothbay, Inc., pro se for defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND DIRECTION FOR ENTRY OF JUDGMENT**

GIGNOUX, District Judge.

This is an action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (1964), to enjoin violation of the overtime and record-keeping provisions of the Act and to restrain withholding of payment of overtime compensation

found to be due employees under the Act. All of the relevant facts have been stipulated, and the single issue presented is whether certain employees whom defendant engages to repair, maintain and otherwise work on various boats and vessels in its shipyard are "engaged in commerce or in the production of goods for commerce" within the meaning of Section 7 of the Act. It is conceded that defendant has not paid these employees the overtime rates prescribed by Section 7 of the Act, nor made available for plaintiff's inspection its payroll records as required by Section 11 of the Act.

At a pretrial conference held on January 9, 1969, the parties agreed that the issue presented by the action be determined by the Court upon the basis of the stipulation of facts, briefs and oral argument. The parties have also agreed to stipulate the amount of any overtime compensation which may be due these employees for the period pertinent to this action, in the event the Court determines that their employment duties are covered by the Act. Having considered the stipulation of facts thus presented by the parties and the written arguments of counsel, oral argument having been waived, the Court now makes its findings of fact and conclusions of law, and directs entry of its judgment, as follows:

## FINDINGS OF FACT

In accordance with the stipulation of the parties, the Court finds the facts are:

1. Defendant is now and at all times pertinent hereto was a Massachusetts corporation engaged in the operation of a shipyard in Boothbay Harbor, Maine.

2. At all times pertinent hereto defendant employed several employees, including Charles Haggett, Neal Murphy, Curtis Robinson, John Foss, George Goodman, and Richard Shaw, and currently employs Charles Haggett and Neal Murphy, in repairing, maintaining and otherwise working on various boats and vessels in its shipyard.

3. The boats and vessels which these employees repaired, maintained and otherwise worked on during the pertinent period include various commercial fishing boats and vessels which regularly traveled off the coast of Maine only to and from points outside the coastal territorial limits of the State of Maine for the purpose of catching fish, lobster and shrimp. Substantial quantities of this fish, lobster and shrimp were regularly sold to dealers, agents, firms or persons within the State of Maine by whom such products were then resold and shipped to customers outside the State of Maine. Defendant knew of such subsequent resale and shipment.

4. During the pertinent period, these employees also repaired, maintained and otherwise worked on a United States Government research boat operated by the United States Fish and Wildlife Service, Bureau of Commercial Fisheries, which was regularly engaged in the performance of commercial fishing research out of Boothbay Harbor, Maine; and another boat which was regularly used to transport United States mail to Monhegan Island, an island within the coastal territorial limits of the State of Maine.

5. Defendant has employed employees Haggett, Murphy, Robinson, Foss, Goodman and Shaw during various workweeks during the period pertinent to this action for hours between 40 and 48 hours per week without paying such employees, for the hours worked in excess of 40 hours per workweek, at a rate not less than one and one-half times their regular rate.

## DISCUSSION

The relevant provisions of the Act are as follows:

Sec. 7(a) (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce

or in the production of goods for commerce for a workweek longer than forty hours, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed * * *.

Sec. 3. As used in this Act—
\* \* \* \* \* \*

(b) "Commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.
\* \* \* \* \* \*

(i) "Goods" means goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof * * *.

(j) "Produced" means produced, manufactured, mined, handled, or in any other manner worked on in any State; and for the purposes of this Chapter an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State.

█ There can be no question but that the stipulated facts establish, as a matter of law, that defendant's employees, in repairing, maintaining and otherwise working on the above-described boats and vessels in defendant's shipyard, were "engaged * * * in the production of goods for commerce" within the meaning of Section 7(a) (1). By Section 3(i) ships are expressly included in the statutory definition of

"goods." See Bodden v. McCormick Shipping Corp., 188 F.2d 773, 775 (5th Cir. 1951); Slover v. Wathen, 140 F.2d 258, 259 (4th Cir. 1944); Bracey v. Luray, 138 F.2d 8, 11 (4th Cir. 1943). By Section 3(j) "production of goods" includes by express terms "working on" such goods, and embraces the activities of those who repair and maintain as well as those who directly produce instrumentalities and facilities utilized in commerce. See Overstreet v. North Shore Corp., 318 U.S. 125, 130, 63 S.Ct. 494, 87 L.Ed. 656 (1943); Kirschbaum Co. v. Walling, 316 U.S. 517, 524–526, 62 S. Ct. 1116, 86 L.Ed. 1638 (1942); Bodden v. McCormick Shipping Corp., *supra* 188 F.2d at 775; Slover v. Wathen, *supra* 140 F.2d at 260. Since the commercial fishing boats regularly fished waters beyond the territorial limits of the State of Maine, they were undeniably engaged in "commerce" as defined in Section 3 (b), which makes it clear that "commerce" as used in the Act includes acts and transactions not only "among the several States" but also "between any State and any place outside thereof." See Mitchell v. Independent Ice & Cold Storage Co., 294 F.2d 186, 188–189 (5th Cir. 1961), cert. denied, 368 U.S. 952, 82 S.Ct. 394, 7 L.Ed.2d 386 (1962). Similarly, although the stipulated facts do not indicate that the Government research boat and the mail boat ventured beyond Maine's territorial waters, it cannot be seriously doubted that the activities of both were "so intimately related to interstate commerce 'as to be in practice and in legal contemplation a part of it.'" Overstreet v. North Shore Corp., *supra*. See also Mitchell v. C. W. Vollmer & Co., 349 U.S. 427, 429, 75 S.Ct. 860, 99 L.Ed. 1196 (1955).* It is thus clear that defendant's employees, in performing the labor in question, were en-

---

\* Even if the work done by these employees on the Government research and mail boats was not covered employment, the Court's ultimate conclusion as to the coverage of the Act would be unaffected because of the substantial, recurring work performed by them on the commercial fishing boats. *See* Mabee v. White Plains Publishing Co., 327 U.S. 178, 181–184, 66 S.Ct. 511, 90 L.Ed. 607 (1946); Walling v. Jacksonville Paper Co., 317 U.S. 564, 571–572, 63 S.Ct. 332, 87 L.Ed. 460 (1943); Wirtz v. Durham Sandwich Co., 367 F.2d 810, 812 (4th Cir. 1966); Mid-Continent Petroluem Corp. v. Keen, 157 F.2d 310, 315–316 (8th Cir. 1946).

gaged in the production of goods for commerce and entitled to the protection of the Act. The courts which have considered the same or closely similar questions have consistently arrived at the same conclusion. See Bodden v. McCormick Shipping Corp., *supra;* Walling v. Keansburg Steamboat Co., 162 F.2d 405, 408 (3d Cir. 1947); Slover v. Wathen, *supra;* Bracey v. Luray, *supra;* Craig v. Heide & Co., 94 F.Supp. 442, 444 (E.D.N.C.1951); Walling v. Lowe, 10 CCH Lab.Cas. ¶ 63,033 (S.D.Fla.1946).

## CONCLUSIONS OF LAW

The Court's conclusions of law are:

1. This Court has jurisdiction of the action and of the parties thereto.

2. At all times pertinent hereto, defendant's employees Haggett, Murphy, Robinson, Foss, Goodman and Shaw, in repairing, maintaining and otherwise working on the above-described boats and vessels in defendant's shipyard were "engaged * * * in the production of goods for commerce" within the meaning of Section 7(a) (1) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (1964), and were therefore covered by the Act.

3. Defendant has committed, during the period pertinent to this action, and is committing violations of Section 7(a) (1), 11(c), 15(a) (2) and 15(a) (5) of the Act by failing to pay said employees the overtime compensation prescribed by Section 7(a) (1) and by refusing to permit plaintiff to inspect its payroll records as required by Section 11(c).

4. Plaintiff is entitled to the injunctive relief sought in the complaint, including the restraint of withholding of payment of overtime compensation found to be due said employees under the Act.

## DIRECTION FOR ENTRY OF JUDGMENT

In accordance with the foregoing Findings of Fact and Conclusions of Law, the Court will enter a decree enjoining the defendant from further violations of the Act and from withholding payment of the amount of overtime compensation, to be stipulated by the parties, due to the employees involved. Counsel for plaintiff will prepare an appropriate decree, to be approved as to form by defendant, and to be submitted to the Court within ten days for signature and entry.